THE HEIRS OF FRANCES B. EDWARDS v. W. H. MOUNTS, ADM'R.

(Case No. 5041.)

1. JURISDICTION.— The probate court has no jurisdiction to determine, as between an administrator and the heirs, the ownership of the proceeds of a policy of insurance, claimed by the administrator to be assets of the estate, and by the heirs as their individual property, derived by inheritance from another ancestor, the assignee of the party insured.    Following Timmons v. Bonner, 58 Tex., 555, and other authorities cited.

APPEAL from Denton.    Tried below before the Hon. C. C. Potter.

W. H. Mounts, administrator of the estate of J. B. Edwards, deceased, filed a report of the condition of the estate in the county court of Denton county, and on the same day appellants filed their exceptions thereto, setting out, among other things, that they were the heirs of J. B. Edwards, deceased, and also of Mrs. Frances Edwards, then deceased, who was the mother of J. B. Edwards; claiming that J. B. Edwards, in his life-time, gave the policy of insurance on his life to his mother, Frances Edwards, and that the $5,000 reported as having been collected by the administrator was the proceeds of that policy.    Contestants claimed that the $5,000 did not belong to this estate, but was the property of the contestants, because, they averred, that, at the death of said J. B. Edwards, the policy was the property of Frances Edwards, mother of appellants. Contestants further excepted to the report of the administrator, and to the allowing of each and all of the claims therein mentioned, because they never were filed as required by law, and were never with

the clerk or other legal custodian, but were withdrawn and kept by their attorney, J. A. Carroll, and never had been with the papers in the case.

Upon a hearing of the report of the administrator and the exceptions of appellants, the county court rendered a judgment that the $5,000 so reported by the administrator as having been collected on the life insurance policy of J. B. Edwards was not the property of his estate; that it was owned at the date of the death of said J. B. Edwards by his mother, Frances Edwards, and that the money so collected belonged to her heirs, the appellants; directing the administrator to pay to them; less the sum of the costs, commissions and attorney's fees.

The administrator excepted to that part of the decree which adjudged the money to belong to contestants and directing the administrator to pay it over to them and the creditors mentioned in the administrator's report as holding accepted and approved claims against the estate of J. B. Edwards. The administrator and creditors appealed to the district court.

Contestants proposed to prove that the $5,000 reported by the administrator was not the property of the estate of J. B. Edwards, but was the property of contestants as heirs of Mrs. Frances B. Edwards; to which the counsel for the administrator objected because the county court, from which this cause was appealed to the district court, did not have jurisdiction to litigate the title to the $5,000; which objection the court sustained, and, on hearing, the court confirmed and approved the report, overruled the objections of contestants, and adjudged that neither the county court nor the district court had jurisdiction to try and determine the title to the money; that the title to the same be not adjudicated, and that the rights of the contestants thereto be not prejudiced. From that judgment the appeal was taken.

*A. Edwards* and *Marshall Fulton*, for appellants, cited: State Const., art. V, sec. 16; R. S., arts. 1818, 2108; Wells on Jurisdiction, p. 290, sec. 280; Homer's Appeal, 35 Conn., 113; Shallenberger's Appeal, 21 Pa. St., 341; Finch v. Finch, 14 Ga., 362.

WEST, ASSOCIATE JUSTICE.— Under previous decisions of this court, in cases practically involving the same matter as is here presented, as to the jurisdiction of the probate court to try the issue raised between the parties concerning the ownership of the policy of insurance in question, it must be held that the probate court had no such

power.    Timmons *v.* Bonner, 58 Tex., 555–562.    See, also, Texas cases there cited and discussed; Homer's Appeal, 35 Conn., 114; Finch *v.* Finch, 14 Ga., 369, 370; Tappenden *v.* Walsh, 1 Eng. Ecc. Rep., top p. 100.

For this reason the judgment of the district court must be affirmed, without, however, prejudice to the rights of the appellants to institute proper proceedings in the appropriate tribunal to determine their right to the fund realized from the payment into the hands of the administrator, Mounts, of the life insurance policy in question.

It may also be proper in this connection to say that the action of the district court, under the special circumstances of this case, in confirming and approving the report of the administrator, appears to have been unnecessary, or at least premature.

If, in fact, there will be no assets whatever in the hands of the administrator if the policy of insurance in question should prove not to be the property of the estate, then the controversy between the heirs and the creditors over the administrator's report will become unimportant.

If, on the other hand, it should ultimately be determined that the proceeds of the insurance policy are assets in the hands of the appellee, it will be time enough, then, to pass on the questions raised by the appellants as to the correctness of the appellee's report. With this qualification the judgment of the court below is affirmed.

AFFIRMED.

[Opinion delivered April 15, 1884.]