## S. J. WHITE ET AL. v. MRS. A. V. WHITE.

### No. 1268.

**1. Probate Court—Powers and Jurisdiction.**

The Probate Court has authority to require an independent executrix without bond to file an additional inventory and to give bond, but not to adjudicate whether certain property belongs to an individual or to the estate.

**2. Same—Proceeds of Life Policy.**

Where a life insurance policy or benefit certificate names a beneficiary who survives the insured, and has an insurable interest, the proceeds of the policy or certificate form no part of his estate, and the Probate Court has no power to require an executrix to file an inventory thereof.

APPEAL from Marion. Tried below before Hon. JOHN L. SHEPPARD.

*L. S. Schluter* and *J. H. Culberson,* for appellants.

*F. H. Prendergast,* for appellee.—The Probate Court had no jurisdiction to decide the matters involved in the motion concerning the insurance money. Booth v. Todd, 8 Texas, 138; White v. Sheppard, 16 Texas, 163; Peters v. Phillips, 19 Texas, 73; Norris v. Duncan, 21 Texas, 596; Wadsworth v. Click, 55 Texas, 241; Wise v. O'Mally, 60 Texas, 589; Edwards v. Mounts, 61 Texas, 398; Trimmins v. Bonner, 58 Texas, 559; Bradley v. Love, 60 Texas, 472.

RAINEY, ASSOCIATE JUSTICE.—This action was brought in the County Court by appellants, to require the appellee, as executrix of the will of S. J. White, deceased, to file a complete inventory, and to give bond. The complaint of appellants alleged the death of S. J. White, Sr.; that he had left a will making Mrs. A. V. White and S. J. White, Jr., executrix and executor, who qualified by taking the oath, no bond being required. That at the death of said White he held a benefit certificate in the Knights of Honor for $2000—Mrs. A. V. White being named as beneficiary therein; that she had in her hands $2000 collected from the Knights of Honor on said benefit certificate; that said money belonged to said estate, and should be inventoried. It was also charged that she held same in trust for said estate by virtue of an agreement made between her and her husband at the time said certificate was issued, etc., the prayer of the complaint being, "that the said Mrs. A. V. White be required to make exhibit of the said money and account for the same, and that the same be charged against her as executrix of the said estate, and that she be required to forthwith give bond," etc.

Mrs. White answered that the said money received from said certificate was no part of said estate, but was her individual property; that she had made a perfect and complete inventory, etc.; that she had faithfully performed the duties of executrix, and that by the terms of the will she was not required to give bond.

On hearing in the County Court, judgment was rendered requiring

Mrs. White to give bond, and directing her "as executrix, to place on the inventory of said estate certain $2000 received as insurance money from the Knights of Honor," and requiring her to give bond in the sum of $14,000. An appeal was taken by Mrs. White from this order to the District Court, in which last-named court she interposed a demurrer, to the effect "that the County Court had no jurisdiction to hear and determine the motion to compel her to place on the inventory the $2000 collected on said benefit certificate, said amount being beyond the jurisdiction of said court." It was agreed that in passing upon said demurrer the court might consider certain facts agreed upon, in effect, as follows:

That S. J. White had died leaving a will; that Mrs. White was his widow; that appellants were his children by a former marriage; that at said White's death he held insurance in the Knights of Honor for $2000, Mrs. White being named as beneficiary; that Mrs. White had collected said amount. Copies of the will and the constitution and by-laws of the Knights of Honor were made a part of said agreement. The will, after disposing of the real estate, makes several money bequests aggregating about $2500. Mrs. White and S. J. White, Jr., were named as independent executrix and executor, without bond. No mention was made in the will of said insurance money, nor was there any disposition of the proceeds arising therefrom.

The constitution of the Knights of Honor provides for the issuance of benefit certificates to members; that the applicant for such should name the beneficiary to be entered in said certificate, and that "no will shall be permitted to control the appointment or distribution of or rights of any person to any benefit payable by this order." The member had the right, while living, to change the beneficiary by surrendering the old benefit certificate, paying a fee of fifty cents and having a new one issued; said change to be noted on the books of the order. The District Court sustained the demurrer, and entered judgment in favor of Mrs. White, from which this appeal is prosecuted.

It is apparent from the pleadings and the facts, that the sole and only controversy is, whether or not the money arising from the benefit certificate is the property of S. J. White's estate, or is it the individual property of Mrs. A. V. White? The demurrer attacks the jurisdiction of the Probate Court to require Mrs. White to inventory the proceeds of the benefit certificate as the property of the estate.

There can be no question but that the Probate Court has the power, in a proper case, to require an executor or administrator to file a complete inventory, and to give bond. It is also true that where there is a controversy as to whether certain property belongs to the estate, or some individual, the Probate Court has no jurisdiction to adjudicate such an issue. Edwards v. Mount, 61 Texas, 398. Still, the court has jurisdiction to order an executor to inventory the property; and it also has jurisdiction to require the executor to give bond. While it is conceded that the Probate Court had authority to require Mrs. White to return an additional inventory and to give bond, the question arises,

was such authority rightfully exercised by the County Court in this case?

There is no contention that there is any property belonging to the estate other than that inventoried, unless the insurance should be so considered.

If appellants could, as alleged in their application, show that Mrs. White, by agreement with her husband, was to collect the amount called for in the benefit certificate and dispose of the same as therein stated, would such money constitute any part of the estate of said White, subject to be administered by the Probate Court? We think not. By the terms of the certificate, Mrs. White was the beneficiary. By the terms of the alleged agreement, she and the children of S. J. White, Sr., were the beneficiaries, and upon his death the absolute title vested in Mrs. White, or in her and the children. Thomas v. Leake, 67 Texas, 471. In which it vested, we deem it unnecessary to decide in disposing of this case.

Under the rules of the order none but the insured's relatives or those dependent upon him were entitled to receive the proceeds of insurance in the order. Aside from this, it is well settled that where an insurance policy names a beneficiary who survives the insured, and who has an insurable interest, the proceeds of the policy form no part of his estate, and neither his executor or his creditors have any claim upon such proceeds. 13 Am. and Eng. Ency. of Law, 652; Mullins v. Thompson, 51 Texas, 7.

As the money collected by virtue of the certificate constituted no part of the estate of S. J. White, Sr., it was not subject to administration, and it was improper for the Probate Court to order an additional inventory to be made by Mrs. White and require her to give bond.

Such right, if any, as the children have to the fund in question should be adjudicated by some court other than the Probate Court.

The judgment of the District Court is affirmed, without reference to the reasons which actuated said court in so acting.

*Affirmed.*