CAVITT v. BEALL HARDWARE & IMPLEMENT CO. (No. 5913.)

(Court of Civil Appeals of Texas. Austin. April 25, 1918. Rehearing Denied May 22, 1918.)

1. EXECUTORS AND ADMINISTRATORS ⟨⋙⟩338— SALE OF LAND—PARTIES—INTERVENTION.

One who had purchased interest of some of heirs in a tract of land had the right to have

the personal property sold and the proceeds applied to the payment of deceased's debts before resorting to such land, and an exception to his plea of intervention in administration proceedings to sell such land for payment of debts should have been overruled.

2. EXECUTORS AND ADMINISTRATORS ☞325—PAYMENT OF DEBTS—RESORTING TO LAND.

Personal property is the primary fund for the payment of debts of a decedent, and must be exhausted before resort can be had to land.

3. EXECUTORS AND ADMINISTRATORS ☞333—SALE OF LAND—COUNTY COURT—JURISDICTION—TITLE TO PROPERTY.

Judgment of county court in administration proceedings for sale of land, that personal property mortgaged by deceased belonged to his son, was void for want of jurisdiction, since county court sitting in probate cannot try title to property.

4. COURTS ☞169(2)—COUNTY COURT—JURISDICTION—VALUE OF PROPERTY.

If petition of deceased's son claiming personal property mortgaged by deceased be treated as a suit against the administrator for recovery of property, the county court had no jurisdiction, the alleged value of the property being in excess of $1,000.

5. EXECUTORS AND ADMINISTRATORS ☞72—INVENTORY—CONCLUSIVENESS.

In proceedings by administrator de bonis non to sell land for payment of debts of deceased, neither the original stating the property was claimed by deceased's son, nor corrected inventory omitting such property, are conclusive for or against administrator, in view of Rev. St. arts. 3337–3348, providing, among other things, that inventory shall not be conclusive against administrator in suit by or against him, when there is property belonging to the estate not inventoried, or when it is shown that the property was not separate or common property, as specified in such inventory.

6. EXECUTORS AND ADMINISTRATORS ☞341—SALE OF LAND FOR PAYMENT OF DEBTS.

In proceedings by administrator de bonis non to sell land for payment of deceased's debts, intervener, who had purchased interest of certain of heirs in such land, could show that certain personal property belonging to the estate was still in the hands of the administrator and available for payment of decedent's debts.

7. EXECUTORS AND ADMINISTRATORS ☞341—SALE OF LAND FOR PAYMENT OF DEBTS.

In proceeding by an administrator de bonis non to sell land for payment of decedent's debts, he had the right to show that certain personal property was not the property of decedent, or, if it ever was, it had been lost to the estate by the act of the former administrator in turning it over to decedent's son, so that it was not available for the payment of debts.

8. EXECUTORS AND ADMINISTRATORS ☞325—PAYMENT OF DEBTS—RESORT TO LAND.

That the personal property belonging to the estate had been lost by the wrongful acts of the former administrator would not prevent decedent's land being sold to pay debts of the estate, since the rights of the heirs or assigns in such case would be against the former administrator and his bondsmen.

9. EXECUTORS AND ADMINISTRATORS ☞274—SECURED CLAIMS—RESORT TO SECURITY.

The debt being that of deceased, it was the duty of the creditor to exhaust its remedy against his property before resorting to property of son mortgaged by deceased to secure the debt.

10. EXECUTORS AND ADMINISTRATORS ☞241—ALLOWANCE OF CLAIM—CONCLUSIVENESS.

A claim having been allowed by the administrator and approved by the court, and no appeal having been taken from such action, the matter is res adjudicata.

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Proceedings by J. F. Cavitt, administrator de bonis non, to sell land for payment of debts of C. R. Phillips, deceased, opposed by the Beall Hardware & Implement Company. There was a decision for the administrator in the county court, and the company appealed to the district court, where the decision was reversed; whereupon the administrator and the First National Bank of McGregor, a creditor of the estate, appeal. Reversed and remanded, with instructions.

D. A. Kelley, of Waco, for appellant J. F. Cavitt. Allan D. Sanford, of Waco, for appellant First Nat. Bank of McGregor. Marshall Surratt, of Waco, and Neyland & Neyland, of Greenville, for appellee.

Findings of Fact.

JENKINS, J. C. R. Phillips borrowed money from the First National Bank of McGregor, for which he gave his note, and as security therefor executed a mortgage on certain personal property, consisting of horses, mules, and farming implements. Subsequently C. R. Phillips died, and J. E. Brown was appointed administrator of his estate. He filed an inventory, which included, among other things, the personal property above referred to, with a notation that the same was claimed by Ernest Phillips, one of the sons of C. R. Phillips, deceased. Subsequently Ernest Phillips filed in said administration proceedings his petition against said administrator, in which he claimed title to said personal property. Upon a hearing of the same the county court found that said property belonged to Ernest Phillips, but that it had been mortgaged to the First National Bank of McGregor by C. R. Phillips, with the knowledge and consent of Ernest Phillips, and ordered that it be turned over to Ernest, to be held, however, by him subject to said mortgage. The bank filed its claim, as evidenced by said note, with the administrator, which he allowed, and which was approved by the probate court as a proper claim against the estate of C. R. Phillips, deceased, and ordered it paid. None of the orders above referred to was excepted to or appealed from.

At a subsequent term the administrator filed his report, showing that he had paid out all funds on hand to creditors whose accounts had been allowed and approved, including 65 per cent. of the bank's debt; that there were debts unpaid, and that the only property belonging to said estate remaining on hand was a certain eight-acre tract of land, and asked for an order of sale for same.

Appellee intervened, alleging that it had purchased at sheriff's sale the interest of Ernest, Duke, and Otis Phillips in said land; that there was no necessity for the sale of such land, for the reason that the personal

property hereinbefore referred to belonged to said estate; and prayed that the administrator be required to sell the same before selling the land.

Before this application was acted on the administrator Brown died, and appellant was appointed administrator de bonis non.

Appellant excepted to appellee's plea of intervention, and the same was sustained. He also denied that said personal property ever belonged to the estate of C. R. Phillips, deceased, and alleged that the only property belonging to said estate which had come into his hands was the eight acres of land for which he asked an order of sale. Appellee appealed the case to the district court, and that court overruled appellant's exception to appellee's plea of intervention; refused to hear evidence as to the ownership of the personal property; and reversed and remanded the case to the county court, with instructions to refuse the application to sell said land. From that judgment the administrator de bonis non has appealed, and the case is now here for review upon appropriate assignments of error.

## Opinion.

[1, 2] The undisputed evidence showing that appellee had purchased the interest of some of the heirs of C. R. Phillips, deceased, in the eight acres of land, it had all of the rights of such heirs, which, among other things, was to have the personal property belonging to the estate sold, and the proceeds applied to the payment of the debts of the deceased before resorting to the land. Personal property is the primary fund for the payment of the debts of a decedent, and must be exhausted before resort can be had to land. Minter v. Burnett, 90 Tex. 248, 249, 38 S. W. 350; Arnold v. Dean, 61 Tex. 253. For which reason the district court did not err in overruling appellant's exception to appellee's plea of intervention.

[3] The judgment of the county court decreeing that the personal property claimed by Ernest Phillips belonged to him was void for want of jurisdiction. The county court sitting in probate cannot try the title to property. Wise v. O'Malley, 60 Tex. 588; Timmins v. Bonner, 58 Tex. 555; Edwards v. Mounts, 61 Tex. 398; White v. White, 11 Tex. Civ. App. 113, 32 S. W. 49. In such case suit should be filed in the court having jurisdiction of the subject-matter.

[4] If the petition of Ernest Phillips be treated as a suit against the administrator for the recovery of property, the county court was without jurisdiction, for the reason that the alleged value of such property was in excess of $1,000.

[5] If said petition be treated as a demand that the inventory be corrected, and the order of the county court as having corrected the same, neither the original nor the corrected inventory is conclusive for or against the administrator. R. S. arts. 3337–3348; White v. Shepperd, 16 Tex. 168; Routledge v. Elmendorf, 54 Tex. Civ. App. 174, 116 S. W. 156.

[6] The appellee had the right to show, if it could, that said property did in fact belong to the estate, and was still in the hands of the administrator; in which event it would have been the duty of the county court to order the same to be sold, and to refuse the petition to sell the land until the proceeds of the personal property had been exhausted.

[7] On the other hand, the administrator de bonis non, appellant herein, had the right to show, if he could, that the personal property referred to was not the property of the decedent, or, if it ever was, that it had been lost to the estate by the act of the former administrator in turning the same over to Ernest Phillips. If either of these facts had been shown, it would have been the duty of the court to order the sale of the land. Such being the law, the district court erred in refusing to hear testimony as to the ownership of said property and what had become of it.

[8] If the personal property belonged to the estate, and had been lost by the wrongful acts of the former administrator, this would present no reason why the land should not be sold to pay the debts of the estate. The heirs took the property of the decedent, subject to the payment of his debts, and have no claim thereto until such debts are paid. If they or their assigns suffer loss by the act of the former administrator, their remedy is against him and his bondsmen.

[9] There is no merit in the contention of appellee that the bank should exhaust its claim under the mortgage before it is entitled to have the land sold. On the contrary, the debt being that of C. R. Phillips, it is its duty to exhaust its remedy against his property before proceeding against the property of Ernest Phillips.

[10] The claim of the bank having been allowed by the administrator and approved by the court, and no appeal having been taken from such action, that matter is res judicata, and cannot now be inquired into.

For the reasons stated, the judgment of the district court is reversed, and this cause is remanded, with instructions to try the issue as to the present availability of the personal property as assets in the hands of appellant, and to enter judgment for or against appellant, accordingly as such facts shall be found in his favor or against him.

Reversed and remanded, with instructions.