THOMAS DeC. RUTH, SALLY W. RUTH, AND WALTER N. RUTH, EXECUTORS OF THE ESTATE OF FREDERICK S. RUTH, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80840. Promulgated June 22, 1937.

*O. H. Chmillon, Esq., Robert N. Miller, Esq., Ewing Everett, Esq.,* for the petitioners.

*L. S. Pendleton, Esq.,* for the respondent.

OPINION.

BLACK: The issue in this proceeding requires that this Board construe the meaning of section 303 (a) (1) of the Revenue Act of 1926 and how it is to be applied where an estate in probate is insolvent and where the gross estate for Federal estate tax purposes, as determined under the provisions of section 302, is greater than the estate in probate under the laws of the jurisdiction of the domicile of the decedent.

The issue as to the application of section 303 (a) (1) under the facts here arises in the following way. Under the laws of Florida, the proceeds of life insurance policies taken out on his own life by a decedent, made payable to beneficiaries other than his estate and not taken out for the benefit of creditors, are exempt from the claims of creditors and do not go into the hands of the executor of an estate. Compiled General Laws of Florida, 1927, section 7065; *Bradford* v. *Watson*, 65 Fla. 461; 62 So. 484; *Milam* v. *Davis*, 97 Fla. 916; 123 So. 668. Although such life insurance policy proceeds are not part of the decedent's estate for purposes of probate, they are part of the gross estate for purposes of Federal estate taxation. Congress, in the Revenue Act of 1919, added the provision (section 302 (g) of the Revenue Act of 1926) requiring that proceeds of insurance in excess of $40,000 received by beneficiaries should be included in the gross estate. Congress intended an estate tax on such proceeds. An anomalous situation results, for the gross estate for Federal estate tax is greater than the decedent's estate subject to the payment of claims of creditors and expenses incident to death and administration and the literal application of section 303 (a) (1), permitting deduction of the amount of the claims of creditors against the decedent's estate to the extent *allowed* by the laws of the jurisdiction under which the estate is being administered, results in claims for deductions in an amount that may not be received by creditors where the *estate* is insolvent. So, in this proceeding, the *estate* is valued at $1,157,127.11; the claims of creditors exceed $1,342,119.89. These are valid bona fide claims which the laws of Florida *allow;* i. e., they are entitled to payment in full and would be paid out of the estate if it were solvent. The claims may not be paid in full out of the decedent's estate that we are concerned with here. But the arithmetical calculations in computing net estate for Federal estate tax are such that there is no estate tax. In our opinion this is the proper result of applying section 303 (a) (1) under the facts before us, and the respondent is in error in limiting the deductions for claims of creditors to a sum no greater than the value of the probated estate subject to the payment of the claims.

The pertinent statutory provision does not limit deductions for valid claims of creditors to those which are both allowed by local probate laws and paid or payable. The statute specifically states that deductions may be made for the amount of claims that are *allowed*. Congress was aware of the fact that proceeds of insurance policies are, in some states, exempt from claims of creditors. But Congress has not provided that deductions for claims of creditors may not be allowed from a gross estate including the proceeds of life insurance in excess of the amount which is payable from the estate in probate.

194

Congress has provided in section 303 (a) (1) that all claims which were incurred or contracted bona fide and for an adequate and full consideration in money or money's worth and are allowed by the laws of the jurisdiction under which the estate is being administered, shall be deducted from the gross estate.

The Report of the House Committee on Ways and Means (64th Cong., 1st sess., Report No. 922, Estate Tax), in discussing the provision of the law here involved, among other things, says:

* * * In determining the value of the net or taxable estate, deductions for all valid claims against the estate are allowed from the gross value of the estate * · * *.

See also Report of the Senate Finance Committee, 64th Cong., 1st sess., Report No. 793, part 1.

We believe the wording of section 303 (a) (1) requires application as the petitioner contends and that any other application and con- -struction would require us to supply that which the respondent contends is an omission in the statute by construing section 303 (a) (1) to allow deductions *only to the extent of the value of the estate available to pay them.* We may not undertake legislative functions. See *Edith M. O'Donnell,* 35 B. T. A. 251.

This issue, under similar facts, has been before this Board and the courts several times. In each instance it has been held that the full amount of valid claims incurred or contracted bona fide and for an adequate and full consideration in money or money's worth, and which are allowed by the laws of the jurisdiction under which the estate is being administered, is deductible from the gross estate. See *Union Guardian Trust Co.,* 32 B. T. A. 996; *Mary Q. Hallock,* 34 B. T. A. 575; *Edna F. Hays et al., Executors,* 34 B. T. A. 808; *Edith M. O'Donnell, supra; Commissioner* v. *Strauss,* 77 Fed. (2d) 401; *Commissioner* v. *Ames,* 88 Fed. (2d) 388; *Commissioner* v. *Windrow,* 89 Fed. (2d) 69; *Helvering* v. *Northwestern National Bank,* 89 Fed. (2d) 553.

On the authority of the decisions cited above, the action of the respondent in this case is reversed.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

---

HARRON, dissenting: I respectfully dissent from the majority opinion.

The petitioner contends that since the valid claims against the estate, plus the $100,000 statutory exemption, are in excess of $1,342,119.89, there is no taxable net estate. The respondent contends in substance that, since the laws of Florida do not allow claims against the proceeds of life insurance policies which are not imposed

with a trust for the benefit of creditors, the decedent's net estate for Federal estate tax purposes can not be less than the proceeds of the insurance policies less the statutory exemptions totaling $140,000, or the net amount of $84,992.78.

The respondent's contention may be stated in another way, as follows: the value of decedent's estate in process of administration in Florida is $1,157,127.11. The proceeds of the insurance policies are not part of the estate in administration. The valid claims against the estate exceed $1,157,127.11. Since the estate is insolvent the laws of Florida allow claims only to the extent of the value of the estate. Under the facts the claims "allowed" can not total more than $1,157,127.11. Therefore, this amount is all that may be allowed for deductions from gross estate determined under section 302 pursuant to section 303 (a) (1). The result of respondent's determination is that the total of deductions allowed under the Federal estate tax law is $1,157,127.11, leaving a net taxable estate of $84,992.78.

Upon the facts, the respondent's determination is correct. In making this determination the provisions of section 303 (a) (1) have been followed in accordance with the wording of that section, which is quoted with italics supplied and to the extent that it is pertinent:

SEC. 303. *For the purpose of the tax* the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for funeral expenses, administration expenses, *claims against the estate * * * as are allowed by the laws of the jurisdiction * * * under which the estate is being administered * * *.*

(It is conceded that all the claims against the estate were contracted bona fide and for full consideration in money's worth.)

The word "estate" in section 303 (a) (1) means the estate in process of administration under a jurisdiction other than Federal jurisdiction. The term is not the same as "gross estate" appearing in section 302 of the Federal taxing act. This is obvious for Congress has prescribed by section 302 that the values of all properties and interests in property, to the extent specified, must be included in a decedent's gross estate for estate tax purposes. It is a fact that the value of an estate of a decedent under administration under state law may be less than the value of the gross estate of the same decedent under Federal estate tax law, because, under state law, the proceeds of insurance policies payable to beneficiaries other than the estate may not be part of the estate subject to local laws of probate administration, whereas, under the Federal estate tax law, such proceeds in excess of $40,000 are specifically made part of the gross

estate. For example: Section 7065, Compiled General Laws of Florida, 1927, quoted in the margin,[1] provides for the disposition of proceeds of life insurance policies. The statute may be paraphrased as follows: Whenever any person shall die in this state leaving insurance on his life, the said insurance *shall inure exclusively* to the benefit of * * * any person or persons for whose use and benefit such insurance is declared in the policy. (This is the part of the statutory provision applicable under the facts in this proceeding.) It is apparent that the proceeds of life insurance policies payable to beneficiaries other than an estate and not effected for the benefit of creditors *are not part of a decedent's estate* subject to administration under the laws of Florida and executors of the estate of the insured exercise no control over such proceeds. Such proceeds are not assets under the control of the executors. See *Bradford* v. *Watson*, 65 Fla. 461; 62 So. 484; *Milam* v. *Davis*, 97 Fla. 916; 123 So. 668. (The latter case discusses the significance of this statutory provision although in relation to the effect on dower rights of a wife when a decedent has bequeathed insurance by will. In such case the insurance is part of the decedent's estate. In this proceeding the decedent did *not* bequeath the insurance on his life by will.) Reference to Cooley's Briefs on Insurance will show that in many instances, in general, insurance is not part of the estate of a decedent subject to control of executors or administrators; for example, insurance paid to an executrix, who is named as beneficiary therein, is not subject to administration and the probate court has no right to order the executrix to file an inventory of it; *White* v. *White*, 11 Tex. Civ. App. 113; 32 S. W. 48; the proceeds of a policy payable to the insured's widow belongs to her and not to the estate and if the fund is paid to the administrator he holds it in trust for the widow. *In re Van Permoor's Estate*, 42 Hun. (N. Y.) 326; *Kimball* v. *Gilman*, 60 N. H. 54. See Cooley's Briefs on Insurance (Second edition) vol. 7, "Rights to proceeds in life and accident insurance", pp. 6335, 6343, 6345, 6352, 6353, 6363, 6367, 6368. On the other hand, when insurance is payable

---

[1] *Disposition of proceeds.*—Whenever any person shall die in this State leaving insurance on his life, the said insurance shall inure exclusively to the benefit of the child or children and husband or wife of such person in equal portions, or to any person or persons for whose use and benefit such insurance is declared in the policy; and the proceeds thereof shall in no case be liable to attachment, garnishment or any legal process in favor of any creditor or creditors of the person whose life is so insured, unless the insurance policy declares that the policy was effected for the benefit of such creditor or creditors: Provided, however, that whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his or her executors, administrators or assigns, the proceeds of the insurance may be bequeathed by the insured to any person or persons whatsoever or for any uses in like manner as he or she may bequeath or devise any other property or effects of which he or she may be possessed, and which shall be subject to disposition by last will and testament. (Ch. 1864, Acts 1872, § 1, amended by ch. 4555, Acts 1897, § 1, and by ch. 5165, Acts 1903, § 1.)

to the insured himself, or his executors, administrators, or assigns (which is *not* the case here) the proceeds become part of decedent's estate. See *Cooley, supra,* p. 6335, 6378.

Congress was aware of the above as well as that insurance payable to beneficiaries in many states is not liable for expenses of administration and debts of the decedent. This is evident in the following quotation from a report of the Committee on Finance, in regard to section 402 (f) of the Revenue Act of 1918, which was reenacted in section 302 (g), Revenue Act of 1926:

> The provision with respect to specific beneficiaries has been included for the reason that insurance payable to such beneficiaries usually passes under a contract to which the insurance company and the individual beneficiaries are the parties in interest and over which the executor exercises no control. Amounts passing in this way are not liable for expenses of administration or debts of the decedent and therefore do not fall within the existing provisions defining the gross estate.[2] It has been brought to the attention of the Committee that wealthy persons have and now anticipate resorting to this method of defeating the estate tax. Agents of insurance companies have openly urged persons of wealth to take out additional insurance payable to specific beneficiaries for the reason that such insurance would not be included in the gross estate. A liberal exemption of $40,000 has been included and it seems not unreasonable to require the inclusion of amounts in excess of this sum. [Revenue Bill of 1918, Report No. 617, 65th Con. 3d sess., p. 42.]

Having it in mind therefore, that a "gross estate" under section 302 may be greater than an "estate" in probate under a state law, we may turn to a discussion of section 303 (a) (1). The petitioner's argument here is that the deductions allowed by section 303 (a) (1) from "gross estate" as determined under section 302 must be the total of all claims against the *decedent's estate* as are *allowed* by the local laws, interpreting the word "allowed" to mean the total of all valid claims at their face amounts, assuming all such claims are based on bona fide indebtedness for full consideration, that is, before any proration to creditors if payment is made out of an insolvent estate. Thus, if a decedent has an estate in probate of a value of $200,000, valid debts of $300,000 and $140,000 of life insurance payable to beneficiaries other than his estate, there will be no estate tax even though the total value of the estate in administration is only $200,-000. The construction of section 303 (a) (1) thus advanced would permit deductions from the gross estate under Federal estate tax law

---

[2] Section 302 of the Revenue Act of 1926 is as follows:

"That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated:

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is not subject to distribution as part of his estate."

in excess of the total deductions "allowed" by state probate law and would defeat the intent of Congress as set forth in section 302 (g) to tax proceeds of life insurance paid to beneficiaries as expressed in the Committee report quoted above. Such construction is not required by any literal reading of section 303 (a) (1). That section only allows, as deductions from gross income determined under section 302, the total amount of *claims against the estate* (the emphasis falling on these words), as are allowed by the laws of the local jurisdiction. Under such facts as are before us here, it is not necessary to determine whether the words "as are allowed" mean, either claims which can be proved and may be paid by an executor or claims which are proved and are paid by the executor. Here the estate of decedent under administration in Florida had a total value of $1,157,127.11. Claims against the estate exceed that total amount and the *estate* is insolvent. Automatically, the amount of claims against the estate plus funeral, administration, and other expenses, is $1,157,127.11. That is all that is *allowed* by the law of Florida for the simple reason that the proceeds of the insurance policies are both *not part of the estate* and are *exempt* from the claims of creditors. Under the facts the only possible deduction which the respondent may allow under section 303 (a) (1)`, as written, is the total of expenses and claims against the *estate*. He may not allow as deductions under this section the surplus of the claims of creditors over $1,157,127.11 because the *estate* has been exhausted in payment of claims up to that amount and there is no *estate* to charge the surplus to. To sustain the petitioner's contention would be to change section 303 (a) (1) to read:

* * * by deducting from the *value of the gross estate*—such amounts for funeral expenses, administration expenses, claims *against the decedent,* unpaid mortgages upon, or any indebtedness in respect thereto, etc., as are allowed by the laws of the jurisdiction, * * *, under which the estate is being administered * * *.

Congress has not found it necessary to provide how section 303 (a) (1) is to be applied in the case of insolvent estates but it is perfectly plain that Congress intended by this section that the gross estate of a decedent under the Federal estate taxing statute should be reduced by at least as much as an estate under probate under state law is reduced by the expenses and claims allowed by state law. The word "allowed" has a general meaning as well as the technical meaning derived from probate administration. It is a reasonable construction of section 303 (a) (1) that Congress did not intend that the gross estate of a decedent, as determined under the Federal estate tax law, should be reduced (in the process of arriving at a net taxable estate under Federal law) by more than the decedent's estate is

reduced in administration of the estate under state law. We do know that the Federal estate tax law recommended by the Ways and Means Committee of the Sixty-fourth Congress substantially the same law as the 1926 estate tax law, was designed to form "a well balanced system of inheritance taxation as between the Federal Government and the various States." [3] There is no basis in logic for allowing a deduction for claims from gross estate under Federal estate tax law in excess of that which is "allowed" under state law. In the matter of arithmetic "allowed" represents a different figure when an estate in administration under state law is insolvent than when it is solvent. It would certainly be out of harmony with state probate administration to determine in effect that the estate of a decedent, as determined under Federal estate tax law, is *solvent* whereas the estate in administration under state probate law is *insolvent*. Such determination departs from reality. There is nothing in section 303 (a) (1) which requires arriving at an unreal result.

An estate under state probate administration may be entirely offset by the total amount of expenses and valid claims; nevertheless, there may be a taxable net estate under Federal estate tax law subject to an estate tax, for Congress has seen fit to tax proceeds of insurance policies on the life of a decedent which have passed directly to beneficiaries named in the policies and which have not been a part of the decedent's estate under state probate laws. This is because "gross estate" as determined under section 302 of the Federal law may be greater than a decedent's estate in probate under a state law.

Congress has specifically enumerated the exemptions from Federal estate tax law. In so far as the issue before us here is concerned the exemptions are limited to two; namely, an exemption from gross estate of $40,000 of the proceeds from a decedent's life insurance paid to beneficiaries, and an exemption of $100,000 from taxable net estate. I do not think Congress intended to allow deduction from gross estate, as determined under section 302, of an amount of claims

---

[3] Report of the House Committee on Ways and Means (64th Cong., 1st sess.) Report No. 922, Estate Tax:

"Thirty states have laws imposing inheritance or share taxes both upon direct and collateral heirs. Twelve other states have laws imposing inheritance taxes on collateral heirs. Your Committee deemed it advisable to recommend a Federal estate tax upon the transfer of the net estate rather than upon the shares passing to heirs and distributees or devisees and legatees.

"The Federal estate tax recommended forms a well balanced system of inheritance taxation as between the Federal Government and the various States, and the same can be readily administered with less conflict than a tax based upon shares.

"In determining the value of the net or taxable estate, deductions for all valid claims against the estate are allowed from the gross value of the estate and in addition an exemption of $50,000."

See also, Report of the Senate Finance Committee, 64th Cong., 1st sess., Report No. 793, part 1.

of creditors of a decedent in excess of the value of his estate in administration under state probate law, which neither the estate nor the legatees and beneficiaries of a decedent are legally bound to pay. I do not think Congress intended that gross estate should be reduced by an amount which can never be received by creditors. To sustain the petitioner's contention here would result in granting by judicial process an exemption from Federal estate tax not provided for by statute, and to give one class of taxpayers, insolvent estates, a special benefit. Such excess of claims where an *estate* is insolvent are not real *deductions* and under petitioner's theory would come to be exemptions. Section 303 (a) (1) must be construed in relation to the entire Federal estate tax statute and should not be construed so as to defeat the intent of Congress as expressed in section 302 (g). Reality is not served by such construction.

Reference is made to the dissenting opinion in *Commissioner* v. *Windrow*, 89 Fed. (2d) 69, with which I agree.