**H. D. LEE MERCANTILE CO. v.
THOMPSON et al.**

No. 13279.

Court of Civil Appeals of Texas. Dallas.
March 14, 1942.

Rehearing Denied April 10, 1942.

Tom D. Matthews and C. S. Dudley, both of Dallas, for appellant.

. J. C. Muse, Jr., and J. J. Fagan, both of Dallas, for appellees.

BOND, Chief Justice.

Appellant, The H. D. Lee Mercantile Company, instituted this suit in a district court of Dallas County, Texas, against J. G. Thompson, a resident of Collin County, Texas, for debt, alleged to have been incurred by him in August 1940, for merchandise placed in his store at Garland, Dallas County, Texas; and against J. H. Mayo, administrator of the estate of F. H. Thompson, deceased, a resident of Dallas County, Texas, alleging in effect, that on or about March 10, 1941, the said J. G. Thompson, without complying with the Bulk Sales Law, Art. 4001, R.S.1925, sold and transferred the mercantile business at Garland, with all of its goods, wares, merchandise and fixtures, to his son, F. H. Thompson; that F. H. Thompson died on or about April 22, 1941, in possession of said stock of merchandise; and that the defendant J. H. Mayo, the duly appointed and qualified administrator of F. H. Thompson's estate (administration pending in the Probate Court of Dallas County, Texas), came into possession and took charge of all property of the deceased, including the property involved in said alleged sale and transfer, and, through orders of the Probate Court, sold said property, and is threatening to divert the proceeds of such sale from payment of plaintiff's debt, and the debt of other creditors similarly situated, pending adjudication of the ownership thereof. Wherefore, plaintiff seeks to hold the administrator, his bondsmen and J. G. Thompson jointly and severally liable for its debt, to the extent of the property thus sold, and for the appointment of a receiver to take charge of the proceeds of said sale.

582

The defendant administrator timely interposed a plea to the jurisdiction of the district court, based on the theory that the probate court having first acquired jurisdiction of the deceased's estate, it alone had jurisdiction of plaintiff's claim against the deceased and it should be presented to the administrator and its rights thereunder adjudicated by appropriate proceedings in that court, and same be established and paid in due order as a claim against the estate of the deceased. The defendant J. G. Thompson interposed a plea of privilege, in statutory form, to be sued in Collin County, the county of his residence.

This appeal is from the action of the trial court in sustaining the resident defendant's plea to the jurisdiction of the district court, hence dismissing the suit as to him; and in consequence sustaining the plea of privilege of the nonresident defendant and transferring the cause as to him to the District Court of Collin County, Texas.

■ It might well be conceded that, if the trial court was correct in sustaining the resident defendant's plea to the jurisdiction, its action in sustaining the nonresident's plea of privilege was also correct. The venue as to the nonresident defendant could be sustained only on the grounds that plaintiff had a cause of action against the resident defendant, and that the nonresident defendant is a necessary and proper party to the suit. The character of the suit which controls the venue of it is determined as a matter of law by the facts alleged in the petition. Plaintiff's suit against the resident defendant is based upon the issue of ownership of the property unlawfully taken into Mayo's possession and diverted by him to the estate of the deceased, of which he was the administrator. If the property belonged to the estate, then it must be conceded that the probate court alone has jurisdiction of the suit, but if the property did not belong to the estate, then the probate court has no jurisdiction. The district court alone has jurisdiction to try the issue as to whether the property belongs to the estate or to some individual. Edwards' Heirs v. Mounts, 61 Tex. 398; White v. White, 11 Tex.Civ.App. 113, 32 S.W. 48; Cavitt v. Beall Hardware & Implement Co., Tex. Civ.App., 204 S.W. 798; Id., Tex.Com.App., 212 S.W. 483; Hopkins v. Robertson, Tex. Civ.App., 138 S.W.2d 310. Authorities could be multiplied to the effect that the county court is without jurisdiction to determine the title to property among the contending claimants, and, until the issue of title is settled, the probate court has no jurisdiction over the property. Plaintiff's petition clearly raises the issue of its interest in, or ownership of, the property resting in possession of the deceased as trustee, or receiver, perforce of Art. 4001, R.S., which specifically provides that "Any purchaser or transferee who shall not conform to the provisions of this law shall, upon application of any of the creditors of the seller or transferor become a receiver, and be held accountable to such creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale or transfer."

■ It will be observed from the foregoing provisions of the Act that, if the purchaser or transferee shall not conform to the provisions of the Bulk Sales Law, he shall become a receiver, holding the property in trust for the benefit of all creditors. Fischer et al. v. Rio Tire Co. et al., Tex.Com.App., 65 S.W.2d 751; Gardner v. Goodner W. G. Co., 113 Tex. 423, 256 S.W. 911; Texas Bank & Trust Co. v. Teich et al., Tex.Civ.App., 283 S.W.552, writ denied, Tex.Civ.App., 286 S.W. 577.

In the case of Gardner v. Goodner W. G. Co., supra [113 Tex. 423, 256 S.W. 912], Judge German said: "The liability of a purchaser of a stock of goods and fixtures in violation of the Bulk Sales Law is that of a receiver. Having taken the property subject to the rights of creditors, he becomes bound in equity to see that the property or its value is appropriated to the satisfaction of claims of the creditors of his seller. He becomes the trustee of an express trust, and is subject to the same duties and liabilities of such a trustee. We think the law was intended to charge him with liability, however, only to the extent of the value of the property received by him, and this liability is to all of the creditors pro rata. As aptly stated by the Supreme Court of Arkansas in the case of Stuart v. [Elk Horn] Bank & Trust Co., 123 Ark. 285, 185 S.W. 263, Ann.Cas. 1918A, 268: 'The Bulk Sales Act does not make the person who fails to comply with its provisions liable for all the debts of the seller. It treats the sale as being void and the purchaser as being a receiver and his possession as being for the benefit of all the creditors. He is like any other receiver so far as his liability is concerned.

He is responsible for the property purchased, but for that only. If he gets enough property to pay all the debts, he must pay them all. If the property is not sufficient for that purpose, he must pay the creditors pro rata as any other receiver would do.'."

■ It is the universal rule of law, recognized by all courts, that a trustee who disposes of or converts to his own use trust property, placing it beyond the reach of creditors, as well as all other parties guilty of acting with such trustee in such conversion, are personally liable. Manifestly, if such purchaser or transferee was a receiver and the receiver had come into possession of the goods, wares and merchandise, in which the plaintiff had an interest, or was the owner, the property never became the property of the estate of F. H. Thompson and the administrator has no better title than the deceased had. Therefore, we are confronted here with the question of title, over which the district court alone has jurisdiction, and, if the contention of plaintiff is correct, which must be determined on trial of the case on its merits, as said by our Supreme Court in Owosso Carriage & Sleigh Co. v. McIntosh & Warren, 107 Tex: 307, 179 S.W. 257, 259, L.R.A.1916B, 970: "There was, then, no real sale, in law, but merely a change of possession. The parties could not accomplish that which was prohibited by law. The possession was transferred from Sweet to the defendants in error, which left them holding it in trust for the benefit of Sweet's creditors, with the title still in Sweet." So, without comment on the evidence, plaintiff, by pleading and proof, succinctly raised the issues of ownership and conversion as to retain the jurisdiction of the cause in the district court, and if the nonresident defendant was the original obligor and primarily liable for the debt, and a joint tort-feasor in the alleged unlawful transfer of the property to the deceased, he is a necessary and proper party to test out the rights of all claimants to the property involved. That the nonresident defendant is a necessary party to accord to plaintiff the full relief it seeks, there can be no question. Thus under Subds. 4 and 29a, Art. 1995, R.S., Vernon's Ann.Civ.St. Art. 1995, subds. 4, 29a; venue of the suit lies in Dallas County, Texas.

The judgment of the court below should be reversed and judgment rendered over-ruling the defendant Mayo's plea to the jurisdiction and overruling the defendant J. G. Thompson's plea of privilege; accordingly, the cause is remanded to the court below for trial on the merits.

Reversed and rendered.