### EMMA MILO ET AL. v. ANNA NUSKE ET AL.

No. 1067. Decided February 17, 1902.

**Estates—Appeal to District Court—Time for Filing Bond.**
   Appeal bond from county to district court in probate proceedings must be filed within fifteen days from the rendition of the order complained of; if not, it is too late, though filed within that time from the overruling a motion for new trial. (Pp. 243-246.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Waller County.

*W. C. Henderson,* for appellants, on certified question. (Messrs. *H. Paul Georgie* and *E. P. Turner* filed the brief in Court of Civil Appeals).—Our county courts in probate matters are courts of general jurisdiction, and as such are invested with the inherent power to amend, correct, and set aside their own judgments during term time; and any party interested in any cause or proceeding pending before such probate court has the right to file a motion for a new trial, and invoke the power of the court to correct or set aside any of its judgments, orders or decrees. Whenever such motion for a new trial is filed within the time prescribed by law (that is, within two days from the date of the order or decree which it seeks to have set aside), then such judgment, order or decree is not a final judgment of the court until such motion

for a new trial is passed on by the court, or until the court adjourns for the term without acting on such motion. The county court in probate matters may in a proper case review and set aside its orders, and during term time can grant new trials and correct or set aside its judgments and decrees. The county court has power, as have all other courts, during the term at which an order is made, to set it aside, if such cause is shown to be proper. Sayles' Civ. Stats. 1897, art. 1840; Franks v. Chapman, 60 Texas, 46; Fortson v. Alford, 62 Texas, 576; Railway v. Bayliss, 62 Texas, 570; Heath v. Layne, 62 Texas, 686; Lehman v. Gajusky, 75 Texas, 566; Edwards v. Halbert, 64 Texas, 667.

The court will observe that the language of these two articles [2255, 2256] is sweeping and comprehensive, and embraces any and all "decisions, orders, judgments, and decrees" of the county court in probate matters. That our county courts are courts of general jurisdiction in probate matters is too well settled to necessitate argument. That they have power to amend, correct, or set aside their judgments, orders, or decrees is also a settled question in this jurisdiction. In the case of Lehman v. Gajusky, 75 Texas, 566, Chief Justice Stayton, discussing the statutes above mentioned and the power of county courts to grant new trials and set aside their decrees in probate proceedings, says: "This statute doubtless has application only to such decisions, orders, or judgments as at the end of the term would be held conclusive as adjudicative of some controverted question or right, unless set aside by some proceedings, appellate or revisory in its nature.

"The county court, however, had power, as have all other courts, during the term at which that order was made, to set it aside if such course was shown to be proper, and of this that court was the sole judge."

If, then, it is conceded that the county courts in probate matters have power to set aside their judgments and orders during the term when rendered, if such course is shown to be proper, it follows that any party interested in the cause or affected by such judgment or order may file a motion to set same aside, and when this is done the judgment or decree does not become final until the court refuses the motion to set it aside.

If, therefore, the county court has power and authority to correct or set aside its judgments, orders, and decrees, and such power is invoked by the filing of a motion for a new trial, then, until the motion for new trial and to set aside such judgment or order is refused by the court, there is no final judgment, and the party making such motion can not "consider himself aggrieved" until there is a final judgment; and until the court making the order refuses to correct its alleged errors, there is nothing by which "any person may be aggrieved." It is a universal rule of practice for any litigant who "considers himself aggrieved" by the action of a court to first invoke the power of that court to correct its own errors, and failing in that, to resort to his remedy by appeal. This is the practical way to proceed in such matters, and it surely could not have been the intent of our lawmakers in framing articles 2255 and 2256 to require persons interested in and affected by the orders and

judgments of the county court in probate matters to ignore the power of such court to correct or set aside its orders or judgments, and instead to resort immediately to their remedy by appeal. The reasonable construction of the statutes in question leads irresistibly to the conclusion as held by Chief Justice Stayton in Lehman v. Gajusky, supra.

Whenever by filing an appeal bond the jurisdiction of a higher tribunal is invoked, the lower court is divested of its control of the case, and thereafter would have no power to correct and set aside its orders and decrees. The only reasonable construction of the statute is, that where a motion is filed in the county court to amend, correct, or set aside any decision, judgment, order, or decree, and the court entertains and considers the motion, and overrules the same, the order overruling the judgment is the final act and judgment of the court on the matters involved, and the party complaining has fifteen days from the date of the order refusing the new trial in which to file his appeal bond to the district court.

*A. C. Tompkins* and *Keet McDade,* for appellees.—The appeal from the judgment of the County Court was never perfected as required by law, and the District Court acted in strict accord with law in dismissing the appeal. Rev. Stats. (1895) art. 2256; Glenn v. Kimbrough, 70 Texas, 147.

The practice in the probate court in probate matters is not the same, nor is it intended to be the same, as in other civil cases. It is not intended, nor is it contemplated, that a motion for a new trial shall be made in probate matters. Why should it be? The judge tries the case, he makes the order, decree, and judgment, and a motion to set the same aside is child's play, a waste of time, a useless expense, unnecessary, and unwarranted.

The law contemplates, and it so states, "that if any one desires to appeal from any order, decree, or judgment of the county court, in probate matters, he shall file a bond in fifteen days from the date of the judgment or decree."

It is otherwise in our practice in the district and county court, in civil cases. Revised Statutes, article 1387, specifically provides that an appeal may be taken by applicant giving notice of appeal in open court within two days of any final judgment, or within two days after judgment overruling a motion for a new trial, and by filing a bond within twenty days after the adjournment of the court for the term.

It will be noticed that there is a material difference in the law and rule in the two cases.

WILLIAMS, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the First District certifies for decision the following case:

"The appellants, having a claim against the estate of William Milo, deceased, which estate was being administered in the County Court of Waller County, presented said claim to the administrator, who allowed

same, and it was filed in the County Court on July 18, 1900, for approval by the county judge. Appellees, who are interested in said estate, filed a protest against the approval of said claim, and, upon a hearing by the county judge on the 4th day of October, 1900, the claim as to one of appellants was wholly rejected and was approved only in part in favor of the other appellants. On the 6th of October, 1900, appellants filed a motion for a new trial in the County Court, which motion was heard and overruled by the county judge on October 11, 1900. The appellants, at the time their motion for a new trial was overruled, gave notice of appeal to the District Court, and on the 26th day of October filed in the County Court their appeal bond conditioned as required by law, which bond was duly approved by the clerk of said County Court. The appellees filed a motion in the District Court to dismiss the appeal on the ground that the appeal bond not having been filed within fifteen days from the original entry of the order appealed from, was not filed within the time prescribed by law. This motion was sustained by the District Court and the appeal dismissed.

"We respectfully certify for your decision the question as to whether or not, upon the facts above stated, the District Court erred in holding that the appeal bond was not filed within the time prescribed by the statute, and in dismissing the appeal."

Article 2255, Revised Statutes, provides: "Any person who may consider himself aggrieved by any decision, order, decree, or judgment of the county court shall have the right to appeal therefrom to the district court of the county upon complying with the provisions of this chapter."

The party appealing is required by articles 2256 and 2258 to file his bond or affidavit within fifteen days "after such decision, etc., shall have been rendered."

Under former decisions of this court, it must be held that the time runs from the order to be appealed from and not from the order overruling motion for new trial. The statute allowing writs of error from the district court to the Court of Civil Appeals limits the right to twelve months "after the final judgment is rendered."

In Cooper v. Yoakum, 91 Texas, 392, the question was presented whether or not this time runs from the date of the main judgment or from the date of the order overruling motion for new trial, and it was held that the former date controlled. Quoting from Waterhouse v. Love, 23 Texas, 560, the court said: "The language is too plain to be mistaken. It bars the remedy at the expiration of two years from the rendition of judgment. The rendition of judgment is an independent fact, distinct from the adjournment of court, from other proceedings at the term, and in the same case; and it is from the happening of this fact that the two years are to be computed."

The language under construction in Cooper v. Yoakum was "*final judgment,*" and afforded better reason for the contention of appellant, that a judgment is not final until the close of the term and may be set aside or modified at any time during the term, and hence should not

be considered the final disposition of the matter until refusal of new trial, than does the probate law, which makes the limitation upon the right of appeal from a decision, order, etc., begin to run from the time when "such decision or order shall have been rendered." Another difference between that case and this is that, in other proceedings, motions for new trials are expressly provided for and allowed as a matter of right, while no such provision is found in the probate law; but appeal with trial de novo in the district court is allowed. The time for appeals from the district and county courts and for writs of error to the courts of civil appeals is expressly fixed with reference to the date of orders overruling motions for new trials or for rehearing (Revised Statutes, articles 1387, 942), and this makes the absence of such provision from the statute construed in Cooper v. Yoakum and from that now in question more significant.

The time for appeals from justice courts is made to run from the "date of judgment" (Revised Statutes, article 1670), but, by other provisions, the right is given to the parties to make motions for new trials and the duty is imposed on the justice to act upon them. Even under these provisions, the Court of Appeals first held that the limitation on the appeal ran from the date of the main judgment and not from the order upon motion for new trial (1 App. C. C., sec. 90, 1310), but finally adopted the view that the latter date governed. 2 App., C. C., 49, 110, 571; 3 Id., 100; 4 Id., 130. Whether or not the latter position is reconcilable with the decisions of this court above referred to we need not consider, since no provision for a new trial in probate matters is found in the statute.

It is doubtless true that the probate court has power to alter its judgments during the term at which they are entered and that such power may be invoked by proper application from interested parties; but, in the absence of a statute so providing, this can not be held to modify the fixed and certain rule of the statute prescribing the time within which appeals must be perfected. The power referred to may be exercised at any time during the term, and, as there is no statute prescribing a period of time within which a party may invite such action, it would follow that he may do so when he chooses so long as the term lasts; and if the rule contended for were allowed, the time for perfecting an appeal could be protracted at his will. This would leave no certain rule upon the subject, and, when it is considered that many persons may be aggrieved by an order made in an estate, any one of whom may ask the court to review and change it and may take an appeal from it, it becomes obvious that no such uncertainty was intended. If parties desire to ask a revision by the court of its own order and also to appeal from it, they can do both, but must still comply with the statute.

It may be that an application to set aside an order might be based upon such grounds that an appeal would lie from a judgment refusing it, but such is not the case presented. The effort is to appeal from the original order after the overruling of an ordinary motion for a new trial,

seeking merely the revision of the judgment of the court already pronounced. Such at least we understand to be the case.

We answer that the District Court did not err in holding that the bond was not filed in time and dismissing the appeal.