## STORY et al. v. STORY.

### No. 13207.

Court of Civil Appeals of Texas. Dallas.

Aug. 1, 1941.

Rehearing Denied Oct. 10, 1941.

Biggers, Baker & Lloyd, of Dallas, for appellants.

White & Yarborough, of Dallas, for appellee.

LOONEY, Justice.

In the Estate of Shelton A. Story, Deceased, pending in the County Court of Dallas County, on motion of Mrs. Ella C. Story, widow of the deceased, a special judge presiding, an order was entered on September 17, 1940, allowing $5,000 for her support for one year from the death of her husband. On September 24, 1940, Isaac B. Story and other children and heirs at law of the deceased, filed a motion to set aside the order of allowance, alleging various and sundry grounds therefor. This motion was never acted upon, nor was the order of allowance appealed from. On November 8, 1940, during the subsequent term, Isaac B. Story, one of the children and heirs at law of the deceased, filed a motion, seeking a reduction of the allowance made to the widow, which came on for hearing before Hon. B. H. Fly, the regular Judge, on November 12, 1940, and after hearing evidence, the motion was sustained; the order of September 17, 1940, allowing $5,000 for a year's support of the widow, was set aside on the ground that it was unreasonable and excessive; thereupon, the County Judge made an allowance of $1,800 for her year's support. From the order, the widow, Ella C. Story, duly perfected an appeal to the District Court; and in the latter court, contended that, the original order of September 17, 1940, allowing $5,000, was a final judgment, and no appeal having been perfected therefrom, all proceedings had at the subsequent term, resulting in setting aside the original order and reducing the allowance to $1,800, were coram non judice, and void. The trial court sustained this contention, set aside the order of November 12, 1940, declaring the order of September 17, 1940, allowing the widow $5,000 for a year's support, to be in full force and effect, authorized certified copies of the judgment to be transmitted both to the clerk of the district court and to the county court of Dallas County for observance. From this judgment, Isaac B. Story duly perfected an appeal to this Court, and has assigned error.

The trial court, in our opinion, acted correctly. No appeal having been prosecuted from the order of September 17, 1940, allowing the widow $5,000 for a year's support, the same became a final

882

judgment, and the proceedings had at the subsequent term did not affect her right to the allowance as originally made; and no order subsequently made could affect such right, unless entered in some appropriate direct proceeding instituted for that purpose. See Hirshfeld v. Brown, Tex.Civ.App., 30 S.W. 962.

■ ■ Art. 3698 (R.C.S.) Vernon's Ann.Civ.St., provides that, "Any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court, shall have the right to appeal therefrom to the district court of the county upon complying with the provisions of this chapter; * * *"; and Art. 3699 (R.C.S.) Vernon's Ann.Civ. St., provides that, "He [the appellant] shall, within fifteen days after such decision, order, judgment or decree shall have been rendered, file with the county clerk a bond with two or more good and sufficient sureties, payable to the county judge * * *" etc. It will be observed that no provision is made for the filing of a motion for a new trial; therefore, the time for perfecting such an appeal is reckoned from the date of the decision, order, decree or judgment appealed from, and unless suspended by an appeal properly perfected, such decision, order or judgment becomes final. This is the doctrine announced by the Supreme Court. In a similar situation presented in Milo v. Nuske, 95 Tex. 241, 245, 66 S.W. 544, 545, Judge Williams, speaking for the Court, used the following pertinent language, he said:

"It is doubtless true that the probate court has power to alter its judgments during the term at which they are entered and that such power may be invoked by proper application from interested parties; but, in the absence of a statute so providing, this cannot be held to modify the fixed and certain rule of the statute prescribing the time within which appeals must be perfected. The power referred to may be exercised at any time during the term, and, as there is no statute prescribing a period of time within which a party may invite such action, it would follow that he may do so when he chooses, so long as the term lasts; and, if the rule contended for were allowed, the time for perfecting an appeal could be protracted at his will. This would leave no certain rule upon the subject, and, when it is

considered that many persons may be aggrieved by an order made in an estate, any one of whom may ask the court to review and change it, and may take an appeal from it, it becomes obvious that no such uncertainty was intended. If parties desire to ask a revision by the court of its own order, and also to appeal from it, they can do both, but must still comply with the statute."

In harmony with the views just expressed, the judgment of the court below is affirmed.

Affirmed.