## CRYER v. DUREN.

### No. 9205.

Court of Civil Appeals of Texas. Austin.
Sept. 16, 1942.

Oscar Callaway, of Comanche, for appellant.

Anderson & Gilliam, of Goldthwaite, for appellee.

McCLENDON, Chief Justice.

Appeal from a district court judgment, dismissing an appeal from a county court judgment probating a will. The dismissal was for want of jurisdiction, on the ground that the appeal bond was filed more than fifteen days after the judgment admitting the will to probate was rendered. The will (that of Thomas Wade Cryer, deceased) was probated February 24, 1941, and W. P. Duren was appointed independent executor, without bond, as the will directed. The same day Duren qualified as executor, March 10, 1941, Mrs. Cryer, surviving wife of deceased, filed a motion to set aside the judgment of probate and grant a new trial. On the same day, this motion was overruled, the order reciting that Mrs. Cryer gave notice of appeal to the district court, asked for 15 days from that date in which to file her appeal bond, and requested the court to fix the amount; which amount, the order recited, was fixed at $100. The appeal bond was filed March 22, 1941.

The case is clearly ruled by the decision in Milo v. Nuske, 95 Tex. 241, 66 S.W. 544, wherein it was held that the then Articles of R.C.S., 2255 and 2256 (Arts. 3698 and 3699, R.C.S. of 1925), which give the right of appeal from probate judgments require that the appeal bond be filed within 15 days after the judgment (not after over-

ruling a motion for new trial); and when not so filed no jurisdiction is acquired by the district court.

Appellant's contention that the bond was filed in time is predicated in substance upon the theory that the motion for new trial constituted an original contest of the will which, under Art. 5534, she had the statutory right to file at any time within four years after probate of the will. If we could give the motion this construction, we would sustain this contention.

■ This article is to the effect that any interested party "may institute suit in the proper court to contest the validity" of a will within four years after its probate. Arts. 3433 and 3434, which relate to the same subject matter, provide that such proceeding shall be in the court probating the will, prescribe the requisites of the application, and require citation to "the executor or administrator to appear at a regular term of such court and answer such application." These statutes clearly contemplate and provide for a plenary suit to set aside or annul the will. And the burden rests upon the contestant to establish the material allegations of the application. Chambers v. Winn, Tex.Civ.App., 133 S.W. 2d 279; 44 Tex.Jur., p. 574.

■ A motion for new trial, on the other hand, is an application to the court to review its judgment on the grounds alleged in the motion, set aside the probate, and retry the application therefor. Upon such retrial the proponent of the will has the burden of establishing its validity. 44 Tex. Jur., p. 631, § 88.

Manifestly the distinction between the two proceedings is vital.

■ The record showing follows: There was no opposition to or contest of the will at or prior to its probate. The motion (filed 14 days later) did not purport to be other than for a new trial. The opening paragraph asserted that the judgment probating the "purported" will and appointment of the executor "should be set aside and held for naught, and the contestant herein granted a new hearing for the following good and sufficient reasons." Then followed a statement of facts which it was asserted excused Mrs. Cryer from not objecting to the original probate of the will; and several asserted grounds why the will showed on its face that the testator was mentally incapacitated from executing the will or was unduly influenced in its execu-

tion. It concluded with the following prayer:

"Wherefore, said judgment should be set aside by said court and a new hearing granted to the probation of said will."

There was no suggestion in the motion that notice or service upon the executor be had, or that the "motion" was or was intended to be other than what it purported on its face to be, a motion for new trial or rehearing. For these reasons we cannot, as stated, give the "motion" the construction that it constituted a contest of the will, filed after its probate, as provided for in Arts. 5534, 3433 and 3434.

The trial court's judgment is affirmed.

Affirmed.