### BUTLER et al. v. SUMMERS.
### No. 14470.

Court of Civil Appeals of Texas. Dallas.
Feb. 1, 1952.

Rehearing Denied March 28, 1952.

Burt Barr and J. Lee Zumwalt, both of Dallas, for appellants.

Dee Brown Walker and R. L. Dillard, Jr., both of Dallas, for appellee.

BOND, Chief Justice.

This cause originated in the County Court of Dallas County in a pending probate proceedings on the estate of J. A. Summers, deceased. The appellee, Lena B. Summers, was the duly appointed and acting administratrix of said estate. On October 9, 1950, within twelve months after the order of the court granting letters of administration, Lena B. Summers, wife of the deceased, made application to the court for adequate widow's allowance for her maintenance and support for one year from date of her husband's death. On October 10, 1950 the County Court, sitting in probate, heard said application and on said date made and entered an order of allowance in the sum of $2,400, and directed the administratrix to allow same "in accordance with law."

On January 13, 1951, more than three months after the aforesaid order was made, the appellants herein (brothers and sisters of the deceased) filed petition in said probate proceedings to set aside the above order of allowance to the widow, and, on April 9, 1951, filed amended petition substantially to the same effect, alleging therein the invalidity of the order on grounds, (1) that the allowance would necessarily have to be paid out of the proceeds of sale of the separate property of the deceased (the homestead of the deceased and his said wife, (the appellee), which theretofore had been ordered sold in due course of administration); (2) that the petitioners had no notice or knowledge of said sale, or confirmation thereof; had no notice of the application for the widow's allowance, and no notice of the order of the court allowing same; (3) that the order making the allowance was void as being excessive and not made in conformity with law; and (4) that in no event could said allowance be paid out of the sale of the deceased's homestead.

The appellants further alleged that they were entitled to be paid by the administratrix one-half of the net consideration she received from the sale of the homestead of the deceased; the proceeds of sale of a home-trailer which the administratrix had sold for $400; the sale of chicken-brooders for $75 and, after payment of a lien thereon, the net sale of an automobile belonging to the appellant Joe Summers, and by order of the court the administratrix be directed to pay over to appellants the several amounts received by her as above enumerated.

The appellants further alleged that at the time of the death of the said J. A. Summers, a $1,000 life insurance policy on the life of said deceased was in full force and effect and payable to the appellant, Mary M. Butler, as beneficiary, which was collected by Lena B. Summers; and, after

paying all funeral expenses and burial lot therefrom in the sum of $645, the said beneficiary (appellant herein), Mary M. Butler, being entitled to the balance of said insurance, the administratrix be directed to pay said balance over to said Mary M. Butler.

In conclusion, the appellants pray "that the allowance heretofore made to the said Lena B. Summers be set aside and that no part of the money received from the sale of the homestead shall be used in making payment of any allowance to the said Lena B. Summers; and, they further pray that if any allowance be made it be in an amount and be paid out of other assets of the estate other than the money received from the sale of the homestead; and, they further pray that no allowance be made for more than $500; and for such other and further relief, both in law and equity, to which they may be entitled in the premises; and, for general and special relief will ever pray."

The appellee, in answer to the appellants' petition and prayer for relief, challenged the jurisdiction of the county court, sitting in probate, to hear their petition, and the jurisdiction of the court to set aside the order of October 10, 1950, on plaintiffs' petition filed some three months after the order of allowance was entered; and, further, the county court in the probate proceedings is without authority to consider appellants' other grievances in reference to the title of the property claimed by them, and lack of authority of the county court to direct the administratrix to pay plaintiffs their alleged debt from assets of the estate in administration.

On March 20, 1951 the county court heard appellants' petition and entered judgment "that the motion of the petitioners praying the court to set aside the widow's allowance heretofore granted to Lena B. Summers, and for other relief * * * denied." To which judgment the appellants excepted and thereafter duly perfected appeal to a District Court of Dallas County by the filing of bond.

In the appeal to the District Court the appellee, individually and as administratrix,

interposed motion for summary judgment based upon appellants' appeal record, supra, as raising no justiciable issue either in fact or in law by which the District Court could grant them any relief; that the judgment of the county court in probate was the exercise of statutory authority in granting the widow's allowance, and not void for lack of notice to the appellants. Furthermore the judgment had effectively become final in the absence of appellants appealing therefrom by filing petition and bond within fifteen days from the date of entry of said judgment.

To the aforesaid motion the appellants filed controverting answer to the effect that their petition in the probate court went to the merits as set out therein, to set aside the probate order for the widow's allowance which presented issuable facts for the determination by the trier of the facts, in that the order was void because of lack of jurisdiction of the probate court over the subject matter; that the court was without jurisdiction to apply the proceeds of sale of the deceased's homestead to payment of debts of the estate; and that the court erred in not setting aside the property alleged as belonging to the appellants and held in administration.

On hearing of appellee's said motion for summary judgment, the District Court entered judgment sustaining the motion and dismissed the appeal and ordered same to be certified to the probate court for observance. To which the appellants excepted and have appealed to this Court.

The facts as disclosed by appellants' answer are undisputed, in that the probate order appealed from, making the widow's allowance, was entered on October 10, 1950 and that appellants' petition challenging its invalidity and to set aside the order was filed on January 13, 1951 and the bond for appeal to the District Court was not filed with the Clerk of the county court within fifteen days after the order was made. It will be observed that the order merely directed the administratrix to pay the widow's allowance "in accordance with law." Hence the administratrix is not authorized to do anything in reference thereto not authorized by law. She was limited in her

administration of the estate by law and no presumption may be indulged that the administratrix will do other than the law permits in the performance of her duties. The petition having been filed and the bond entered on appeal more than three months after the entry of the order, the judgment of the court became final. No notice was required to be given to heirs of the estate or parties who may be aggrieved by said judgment.

Art. 3476, Vernon's Rev.Civ.Sts., provides for widow's care after the death of her husband, as follows: "Within twelve (12) months after the original grant of letters testamentary or of administration, the court shall fix an allowance for the support of the widow and minor children of the deceased." Art. 3483, id., states that "The allowance made for the support of the widow and minor children of deceased shall be paid in preference to all other debts or charges against the estate, except expenses of the funeral and last sickness of deceased." Art. 3698 provides that "Any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court, shall have the right to appeal therefrom to the district court of the county upon complying with the provisions of this chapter * * *." And Art. 3699 provides that "He (aggrieved party) shall, within fifteen days after such decision, order, judgment or decree shall have been rendered, file with the county clerk a bond with two or more good and sufficient sureties, payable to the county judge".

■ It will be observed that no provision is made for the filing of motion for a new trial; therefore the time for perfecting an appeal to the district court is reckoned from the date of the decision, order, decree, or judgment appealed from, and unless superseded by an appeal properly perfected, such decision, order, or judgment becomes final. In Story v. Story, 154 S.W.2d 881, 882, opinion by this Court, we said, pertinent here: " 'It is doubtless true that the probate court has power to alter its judgments during the term at which they are entered and that such power may be invoked by proper application from interested parties; but, in the absence of a statute so pro-

viding, this cannot be held to modify the fixed and certain rule of the statute prescribing the time within which appeals must be perfected.' " To the same effect is the case of M. Garcia Gomez & Champion v. Longoria, Tex.Civ.App., San Antonio, 142 S.W.2d 584.

■■ A summary proceedings as in the case at bar, is a proceedings initiated by motion to show cause why judgment should not be entered, where the basis of the suit material to the issue involved is admitted, or without controversy, presents a question of law, or facts. If there is a material issue of fact, as against a summary judgment, such must be submitted to, and determined as in ordinary proceedings. In the case here, there is no ground alleged or proven that would justify the submission of any issue to a jury. The county court, sitting in probate, was without authority to entertain the plaintiffs' suit. Its judgment had become final, no effective appeal taken, hence the District Court had no jurisdiction.

It is therefore apparent that the judgment of the District Court dismissing the appeal should be affirmed. It is so ordered.

### On Motion for Rehearing.

YOUNG, Justice.

The order for widow's allowance is prima facie valid and not subject to attack in the manner here undertaken by appellants. Story v. Story, Tex.Civ.App., 154 S.W.2d 881. I concur in the order of affirmance, without prejudice however to the right of complainants to question the payment of said allowance out of moneys derived from sale of homestead (if such was done) in later accountings and reports of appellee concerning her administration of estate. Likewise the claims of Joe Summers to proceeds of sale (house trailer) and Mary M. Butler (proceeds of insurance policy) are controlled by Edwards' Heirs v. Mounts, 61 Tex. 398; H. D. Lee Mercantile Co. v. Thompson, Tex.Civ.App., 161 S.W.2d 581, and In re Greathouse's Estate, Tex.Civ. App., 184 S.W.2d 317; and properly maintainable in the form of action suggested by these decisions.

Motion for rehearing is overruled.

CRAMER, J., dissents.

CRAMER, Justice (dissenting).

I respectfully dissent from the original disposition of this appeal; also from the overruling of the motion for rehearing.

For the purpose of the dissent, it will be necessary to restate the nature of the suit and the record.

This appeal was from a judgment of the District Court, on appeal from the County Probate Court, entered after the sustaining of a motion for a summary judgment based solely on the record in the County Court. The facts on such hearing in the District Court were not materially disputed, so far as such proceeding was concerned. The county court record revealed that J. A. Summers, deceased, was at the time of his death the husband of appellee Lena B. Summers. No children were born to the marriage. Appellants were the brothers and sisters of the deceased. The homestead of the deceased and appellee was the separate property of deceased, and was so shown by appellee's own inventory of the estate. Such homestead consisted of ten acres of land in the I. Wylie Survey in Dallas County and improvements thereon, plus a one-acre tract in the same survey (the parties disagree as to the one-acre tract). There was at the time of J. A. Summers' death, a valid lien against such ten-acre homestead of some $6,800.

Appellee, as administrator, under an order of the Probate Court, sold the ten-acre homestead subject to the lien, to use the proceeds to pay herself the widow's allowance, the amount of such allowance having been set by the court.

Appellants, after learning such facts, filed the present suit in the Probate Court in the nature of a bill of review and for other relief, setting out the above proceedings, and further that they, as heirs, owned a one-half interest in the homestead of J. A. Summers, deceased. They sought to set aside the order for the widow's allowance, also for a decree that no part of the proceeds of the sale of the homestead should or could be used toward payment of the widow's allowance, and that such widow's allowance be paid out of assets of the estate, other than the proceeds of the homestead. Appellants further alleged that at the time of the death of J. A. Summers he had in full force and effect a $1,000 life insurance policy in which appellant Mary M. Butler was beneficiary; that Mary M. Butler, in order to provide appellee with cash for the funeral, let appellee have the proceeds of such policy for the payment of such funeral expenses, out of which appellee paid only $500 for the funeral and $145 for the purchase of a cemetery lot; but although she had the proceeds of the sale of the homestead on hand, as well as other property, she did not pay or return to Mary M. Butler the balance of the $1,000 after the $645 funeral expense had been paid. Neither did she individually or as administrator pay to Mary M. Butler the $645 funeral expenses before the payment to herself of the ordered widow's allowance. Art. 3483, R.C.S., provides that the funeral expense takes precedence over the widow's allowance. Nor did she pay to the appellants as heirs one-half of the exempt proceeds of the homestead. Appellee Lena B. Summers answered, material here, first by exception, that appellants' claims were premature since the time for filing claims had not elapsed, by general denial, and by affirmative pleading that the court had jurisdiction to set aside to her a widow's allowance and that such allowance could be paid out of any funds or property of the deceased and is prior to the claim of any heir; that the court had no jurisdiction to reopen the matter of the widow's allowance and hold a rehearing thereon, since the former order was res adjudicata. After the County Court denied appellants all relief, they duly perfected their appeal to the District Court where appellee, without further pleading, filed a motion for summary judgment on the record. Appellants answered such motion, setting out that the widow's allowance was without notice to them and therefore void [1];

1. The record shows notice was posted at the courthouse door. No personal service on appellants.

further, the fact that the order for the widow's allowance was made October 10, 1950, would not prevent the Probate Court from setting such order aside on a proper showing on a Bill of Review filed January 13, 1951; that the Probate Court was without jurisdiction to apply the proceeds of the homestead to the payment of the widow's allowance and such order was void, and therefore the Probate Court had jurisdiction to set aside such void order; further that since they had an interest in the homestead (which passed to them as heirs free of the deceased's unsecured debts), and appellee as administrator having disposed of such interest to third parties and to herself individually, that they had a right to recover the value of their interest from her individually and as administrator. Appellants also asserted that they having advanced $1,000 to the administrator (by turning over to her as administrator the $1,000 proceeds of the insurance policy payable to Mary M. Butler, to pay funeral expenses), they had a right to recover such sum from her.

The District Court, on the hearing on the motion for summary judgment, refused to permit the introduction of evidence by appellants, and sustained appellee's motion and entered a summary judgment against appellants.

An appeal to this Court has been properly perfected from such District Court judgment.

Appellants brief three points, in substance: Their petition raised a genuine issue of fact and the trial court should have admitted evidence on: (1) the question of the allowance to the widow and (2) its payment from the proceeds from the sale of the homestead; (3) on the question of whether or not appellee sold property belonging to Joe Summers and refused to account for the proceeds; (4) on the question of whether Mary M. Butler permitted the administrator to use part of $1,000 proceeds of the life insurance policy, since, if she did, she was entitled to recover the balance of $355 after the funeral expenses and also $645 paid on funeral expenses. By the refusal to hear such evidence and consider same in connection with its passing on the motion,

the court erred in entering summary judgment against appellants.

All points will be considered together.

The record shows that the District Court sustained the motion for summary judgment solely on the theory raised in the motion, which, omitting formal parts and prayer, read:

"The petitioners have not filed any petition herein which raises any justiciable issue, either of fact, or of law, wherein the court can grant them any relief. The said petition shows that the county court allowed the respondent a widow's allowance on the 10th day of October, 1950 and that the petitioners filed their petition in the county court on the 13th day of January, 1951; that according to the statutes of the State of Texas an appeal must be taken within fifteen days from any order of the county court sitting in probate; that this appeal was not filed within the required fifteen days nor during the term in which the order for the widow's allowance was granted, and, therefore, no appeal to the district court can be effected, this court not having jurisdiction of the controversy."

The District Court judgment decreed as follows:

"It is therefore ordered, adjudged and decreed by the Court that the motion for summary judgment filed herein by the respondent, Lena B. Summers, administratrix of the estate of J. A. Summers, deceased, be and the same is hereby in all things sustained, *and this appeal is dismissed,* and the clerk of the court is ordered to certify the same to the clerk of the County Court of Dallas County, Texas." (Italics is the writer's.)

It is also clear to the writer that the District Court treated the petition filed in the Probate Court only as a collateral attack on the former judgment of the County Court setting and allowing the widow's allowance, and not as a bill in the nature of a Bill of Review as to such order and also as an original petition for relief other than, and in addition to, the setting aside of such or-

der. The petition filed in the Probate Court not only sought to set aside the order on the widow's allowance under Arts. 3476–3477, V.A.C.S., but also sought other relief, to wit: (1) Recovery of the $1,000 due Mary M. Butler; (2) recovery of a one-half interest in the one-acre tract of land in the Wylie Survey in Dallas County, Texas, listed in the inventory and appraisement of the estate as community property, which in truth and in fact was the separate property of the deceased; (3) recovery of their one-half interest in the proceeds of the sale of the homestead; (4) also relief from other unauthorized acts of appellee alleged therein. It is the writer's opinion that such record stated a cause of action, and the court's refusal to hear the evidence to show prima facie their truth, and in summarily entering judgment dismissing the appeal to the District Court without such evidence, on the sole contention that the time for appeal from the order setting the widow's allowance had expired before the petition or bill in the nature of a Bill of Review was filed, was reversible error. Therefore such dismissal of the appeal should have been reversed here and the cause remanded to the District Court for a trial on the merits. I therefore respectfully dissent from the affirmance of the District Court judgment by the majority.