MRS. MARY M. BUTLER ET AL V. LENA B. SUMMERS

No. A-3643. Decided November 12, 1952.
Rehearing overruled December 31, 1952.
(253 S. W., 2d Series, 418.)

*Burt Barr* and *J. Lee Zumwalt,* both of Dallas, for petitioners.

The court of Civil Appeals erred in holding that the only remedy of the petitioners was to appeal direct from the order granting the widow's allowance from the proceeds of the sale of the homestead; that not having filed an appeal within the 15 day limit the judgment became final and a bill of review could not be prosecuted in the probate court. Johnston v. Stephens, 121 Texas 374, 49 S.W. 2d 431; Jones v. Sun Oil Co., 137 Texas 353, 153 S.W. 2d 571; Allen v. Ramey, 226 S.W. 489.

*Dee Brown Walker* and *R. L. Dillard, Jr.,* both of Dallas, for respondent.

In response to petitioners' proposition, respondent cites Story v. Story, 154 S.W. 2d 881; Jones v. Wynne, 133 Texas 436, 129 S.W. 2d 279; Zieschang v. Helmke, 84 S.W. 436.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This litigation began in the county probate court in the estate of J. A. Summers, deceased, of which respondent, Lena B. Summers, his widow, is administratrix.

On Oct. 10, 1950, respondent seasonably applied to the court for a widow's allowance for one year following the death of her husband, alleging that she and deceased had no children; that there was no homestead or other exemptions to be set aside to her; that $3,000 would be a reasonable allowance. On the same day the court allowed her $2,400 and ordered her "to pay the same in accordance with law."

In the inventory and appraisement executed on Aug. 20, 1950, respondent listed as separate property of the deceased "10 acres of land and house in 1 Wylie Survey, Dallas County, Texas" of the value of $10,000. As community property she showed: "one acre of land in 1 Wylie Survey, Dallas County, Texas" valued at $100; 1 automobile, valued at $500; "personal effects worth $100; cash in bank, $88.00; cash in her hands in the amount of $31.00." As claims due the estate she showed $198 due by deceased's "co-signer" of a note which the deceased had paid. As claims due by the estate she listed a balance of $6800 due one Farr and secured by lien on the above described 10 acres of land.

By a petition to sell real estate filed Sept. 13, 1950, respondent alleged that it was "necessary to sell a part of the real estate to pay the legal charges and claims against the said

estate, and she thinks that the tracts of land hereinafter mentioned will be sufficient for that purpose." Then she prayed for an order to sell the 10 acres and the 1 acre described in the inventory and appraisement. She recited that the 10 acres tract "is subject to the balance of a note by J. A. Summers to E. P. Farr in the sum of $7,000, upon which there exists a balance at this time of approximately $6,800, and your petitioner prays that such tract of land be sold subject to the above mentioned lien and note." She alleged that the 1-acre tract had no lien against it, and asked that it be sold "free of all indebtedness."

With this petition she tendered an exhibit showing all claims approved by her, established by suit, or rejected, estimated expenses of administration, and property remaining on hand liable for payment of such claims. She recited that no "formal" claims had been filed but that she had paid $180 as principal and interest payments due on the Farr note; that no claims had been rejected; that claims pending but unpaid were $10.00 due for her bond as administratrix; $61.00 "advanced by administratrix"; $500 as "estimated expense of administration," and $6,800 balance due on the Farr note.

After service of notice of this application by posting, the probate court, on Oct. 3, 1950, found necessity for sale and ordered "that the above described tracts or parcels of land be sold by Lena B. Summers, Administratrix of said estate, at private sale for cash, subject, however, to all outstanding indebtedness against said tracts."

The next day respondent filed a report that in obedience to this order of sale she had sold the two tracts to one Walker for $3,178 cash "and the said James M. Walker having agreed to assume the unpaid balance against Tract No. 1 in the present sum of $6,822.00."

On Oct. 10, 1950, the probate court entered an order confirming the sale and authorizing respondent to execute a conveyance to Walker upon his compliance with the terms described in the report of sale.

On Jan. 13, 1951, Mrs. Mary M. Butler et al., petitioners, filed in the probate court a petition alleging that they were brothers and sisters of the deceased and that they and respondent constituted all the heirs of the deceased; that, therefore, petitioners inherited a half interest in all real estate owned by the deceased; that the 10 acres of land described by respondent

in the inventory and appraisement as separate property was the separate property of deceased and constituted his homestead; that respondent received from Walker the $3,178 paid by him as part consideration of sale of the 11 acres of land by her as administratrix; that they had no notice or knowledge of any of the orders in the sale proceedings or of the application for, or authorization of, the widow's allowance; that as soon as they learned of the allowance they filed this suit; that respondent's application for allowance did not allege that she had no separate property, hence should be set aside; that in no event should an allowance be paid out of the money received from the sale of the homestead; that upon sale of the homestead they became entitled to be paid half of the cash payment, the homestead not being subject to any of the indebtedness of the deceased except the lien debt assumed by Walker; that the homestead could not legally be sold and the proceeds used to pay the widow's allowance, hence the order of allowance was "wholly void in so far, as any part of the proceeds from the sale of the homestead is concerned." Their prayer was "that the allowance heretofore made to the said Lena B. Summers be set aside and that no part of the money received from the sale of the homestead shall be used in making payment of any allowance to" her.

Respondent pleaded, among other things, a general denial and specially "that it was entirely within the court's jurisdiction to grant her a widow's allowance as provided by law and that the same could be paid out of any property of the deceased and is a claim on the estate prior to the claim of any heir" and "since the Court has heretofore entered an order granting her a widow's allowance, the Court does not have jurisdiction to re-open the matter and have a rehearing, and that the order granting a widow's allowance is res judicata."

After a hearing the probate court refused petitioner's prayer "to set aside the widow's allowance."

After petitioner's appealed to the district court respondent filed a motion for summary judgment on the grounds that petitioners' pleadings raised no justiciable issue, because the order granting the widow's allowance was entered on Oct. 10, 1950, whereas petitioners' petition was not filed in the probate court until Jan. 13, 1951, which was more than the statutory period of 15 days within which appeal may be had from an order of the probate court. They asserted, also, that since the petition was not filed during the term of court that the order for widow's allowance was filed, the district court was without jurisdiction.

In answer to this motion petitioners alleged that the widow's allowance was to be paid out of the funds received from the sale of the homestead of deceased and respondent, hence the probate court was without jurisdiction so to apply such proceeds; that the order "was and is wholly void and subject to attack in any court at any time," therefore "said Probate Court had the power and jurisdiction at any time to set aside said void judgment."

The district court's judgment recited that "after having considered the pleadings, having heard argument of counsel, and having refused to permit the petitioners to introduce testimony" it was determined that respondent's motion was good, hence the appeal was dismissed and the judgment ordered certified to the probate court.

In a divided opinion the Court of Civil Appeals affirmed the judgment of the district court. 248 S. W. 2d. 227.

Petitioners make no attack on the sale of the 1-acre tract. Nor do they contend that the sale of the alleged homestead of 10 acres was invalid. In fact, they allege in their petition that the homestead was not "subject to any of the indebtedness of the deceased *except the lien debt assumed by Walker.*" What they contend is that the order of widow's allowance was *"wholly void in so far as any part of the proceeds from the sale of the homestead is concerned."* (Italics ours.) Their prayer was (1) that the allowance be set aside and (2) that no part of the money received from the sale of the homestead be used to pay such allowance.

1  Their claim that the order granting the allowance is void is without merit. Art. 3476, Vern. Anno. Civ. Stats. gives the probate court the power to grant an allowance to a surviving widow for her support during the first year following her husband's death. If it is not lawful to use the cash realized from sale of the alleged homestead in paying the allowance there is nothing in the order attempting to authorize such use; it directs respondent "to pay the same in accordance with law." See Story v. Story, (Civ. App.) 154 S. W. 2d. 881.

The principles upon which our disposition of this cause must largely turn were announced in three opinions written by Chief Justice Cureton and handed down on the same day, in Cline v. Niblo, 117 Texas, 474, 8 S. W. 2d. 633, 66 A.L.R. 916, Johnson

et al. v. Hampton, 117 Texas, 580, 8 S. W. 2d. 640, and Ward et al. v. Hinkle et al., 117 Texas, 566, 8 S. W. 2d. 641.

2 Those cases hold that a sale of the homestead by order of the probate court to pay general creditors of deceased's estate is void and may be disregarded in any court, provided deceased left a constituent member of his family surviving, that is, a widow, minor child or unmarried daughter living with the family. And if the fact of homestead does not appear of record, it may be shown in any forum and the consequent invalidity of the decree established aliunde the record. (These holdings are not questioned in cases like Thompson et al. v. Kay et al., 124 Texas, 252, 77 S. W. 2d. 201, in which no constituent member of his family survived the deceased and in which it is held, therefore, that his adult heirs are not entitled to take the former homestead as against his general creditors).

This rule renders void and subject to collateral attack a sale of the homestead to pay an allowance for support of the widow and minor children. Allen et al. v. Ramey et al. (Civ. App.) 226 S. W., 489, cited with approval in Cline v. Niblo, supra; Kimmons et al. v. Abraham (Civ. App.), 176 S. W. 671.

3 And when the homestead is voluntarily sold the proceeds cannot be used to liquidate general debts of the deceased but pass to his heirs under the statutes of descent and distribution; because this exemption in favor of the named constituents of the family operates to relieve the inherited interests of all other heirs, although adults, of all liability for the debts of the deceased. American Bonding Co. v. Logan, 106 Texas 306, 166 S. W., 1132. If the homestead, sold under order of the probate court to discharge a valid lien against it, brings more than enough to satisfy the lien, the administratrix holds the excess for payment to those entitled to it. Sutton et al. v. Lewis, (Civ. App.) 176 S. W. 2d. 765, error refused.

4 Reference to the inventory and appraisement and the exhibit accompanying respondent's application to sell the two tracts, as above set out, makes it clear that there are not sufficient funds to pay respondent's widow's allowance without using most of the $3,178 cash received from Walker in the sale of the 10-acre homestead and the 1-acre tract. Since she represented to the probate court in her application for an allowance that there was no homestead and since there has been no contrary adjudication, it may be fairly assumed that she will resort to the $3,178 to

pay the allowance on the theory that such use of that fund would not be contrary to the court's order to her to pay the allowance "in accordance with law." However, petitioners' allegation, if true, would render such payment unlawful and void as to all money received by her from sale of the homestead.

It follows, therefore, that this action was not too late because not filed within 15 days after entry of the order, as held by the courts below. Under the authorities above discussed, the probate court should have entertained this suit on the homestead issue made by petitioners' allegations. That being true, the district court had jurisdiction, on petitioners' appeal, to adjudicate the issue and render a judgment for observance by the probate court.

It follows, also, that the district court erred in entering a summary judgment, there being an issue raised by the pleadings as to whether the 10 acres above described was the homestead of respondent and her husband at the time of his death. And if it is found to have been their homestead, there must be a finding as to how much of the $3,178 cash received in sale of the two tracts was realized from the homestead.

5   In addition to the matters involved in the above discussion, petitioners alleged that petitioner, Joe Summers, owned a house trailer, which respondent, as administratrix, sold for $400, and certain chickens and brooders, which she sold for $75; that respondent, as administratrix, paid the sums so realized upon a lien indebtedness against a 1948 Kaiser automobile belonging to the estate. They prayed that the respondent as administratrix be required to pay "said sum" to petitioner, Joe Summers, that a lien be decreed against the automobile and that it be ordered sold and the proceeds paid to Joe Summers. They alleged also that the deceased, J. A. Summers, left a life insurance policy for $1,000 payable to petitioner, Mary M. Butler; that respondent, Lena B. Summers, as administratrix, collected the proceeds of this policy, applied $645 of it to burial expenses of J. A. Summers and failed to account to petitioner, Mary M. Butler, for any part of this $1,000. They prayed that respondent administratrix be "required to pay the petitioner the sum of $1,000 received from said insurance policy".

It will be observed that there is no allegation that these claims were ever presented to respondent, as administratrix, for allowance or rejection as a claim against the estate of J. A.

Summers, deceased. In the absence of such presentment and a rejection by respondent, the probate court was without jurisdiction, hence its action in dismissing petitioners' suit in so far as it related to those demands was proper. Clements v. Chajkowski, 146 Texas, 408, 208 S. W. 2d. 841.

The judgments below are reversed and the cause is remanded to the district court for trial in accordance with this opinion.

Opinion delivered November 12, 1952.

Rehearing overruled December 31, 1952.