J. C. PRESLEY, Appellant,

v.

T. COOPER et al., Appellees.

No. 6468.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 14, 1955.

Rehearing Denied March 21, 1955.

E. E. Coons, Texhoma, and Hughes, Ogden & Ogden, Guymon, Okl., for appellant.

King Fike and F. H. Richards, Dalhart, for appellees.

PITTS, Chief Justice.

This is an appeal from a summary judgment wherein both parties moved for such a judgment and the trial court denied appellant, J. C. Presley, who filed the action, any recovery but sustained the motion of appellees, T. Cooper and Eli Willis, for summary judgment and awarded Cooper the sum of $3,600. The case arose from a written contract entered into between appellant, J. C. Presley, and appellee, T. Cooper, of date October 14, 1952. By the terms of the contract it was agreed that appellant, who was the owner of two young thoroughbred racing mares, would deliver them to appellee, Cooper, at Dumas, Texas, and said appellee, being a race horse trainer, would break, train, feed and care for them for which appellant agreed to pay appellee, Cooper, the sum of $200 per month, payable on the first day of each month beginning on November 1, 1952, together with 20% of the net racing earnings after the mares were trained and had been entered in races. The contract further provided that the two mares should not in any event be held for, or stand good for, or be security for any bills or accounts contracted by appellee, Cooper, who, under no circumstances or conditions either provided by law or otherwise, could claim or assert, either directly or indirectly, any lien or other possessory right in the said mares. No date was fixed for the termination of the contract. However, it provided that appellee, Cooper, may terminate the contract at will by returning the said mares to appellant and that appellant may declare the contract terminated if appellee, Cooper, breached any of the terms of the contract.

The two mares were accordingly delivered by appellant to appellee, Cooper, who did break, train and care for them under the terms of the contract but appellant failed to make the first payment of $200 due on November 1, 1952, or any subsequent monthly payment provided for under the terms of the contract.

Finally, appellant, J. C. Presley, filed suit against appellees, T. Cooper and Eli Willis, and relied finally on his second amended original petition filed on November 25, 1953. He there sued both appellees for $5,000 actual damages and $2,500 exemplary damages, alleging conversion of his said two race mares by reason of a foreclosure sale of them made on January 6, 1953, by Cooper through his attorney, Eli Willis, to satisfy an asserted lien claimed by Cooper for training, feeding and caring for the said mares. Appellant further alleged that the purported sale was made in violation of the terms of the contract between him and appellee, Cooper, a copy of which contract he attached to his pleadings and made it a part thereof. Appellant there relied on the provisions of the contract that prohibited Cooper from asserting any lien upon the mares in any event. Appellant likewise pleaded that appellee Cooper sold the said mares at the purported foreclosure sale to Eli Willis for an inadequate sum and that Eli Willis thereafter sold the said mares back to Cooper, for which alleged reasons appellant sued both Cooper and Willis jointly and severally for damages by reason of an alleged conversion. The contract pleaded by appellant reveals that appellant agreed to pay Cooper $200 per month, beginning November 1, 1952, for training and caring for appellant's two mares and appellant confessed in his pleading that he was indebted to appellee, Cooper, in the sum of $440 for services rendered by Cooper up to January 6, 1953, and that such sum may be deducted from what ever amount of damages he recovered from appellees.

Appellees answered with a verified plea in abatement and sought a dismissal of appellant's alleged action on grounds therein pleaded. Subject to their said plea in abatement, they filed numerous exceptions, a general denial and appellee, Cooper, sought, by way of a cross action, damages against appellant in the sum of $7,210 by reason of appellant's breach of the terms of the contract. By way

of a special answer, appellees further pleaded the terms of the contract in question; that Cooper had fully complied with the terms of the contract insofar as he could without appellant furnishing him with the registration papers on the race mares so he could enter them in races as provided for under the terms of the contract and without appellant having made payments to him as required under the terms of the contract; that appellant had failed and refused to pay Cooper for any of the training and caring for the two said mares or any other sums as provided for in the contract, for which reason a simulated proceeding of advertising and a pretended foreclosure sale of the two mares were had. Appellant was advised of such in an effort to induce appellant to pay his obligations provided for under the terms of the contract and for no other purpose; that no actual sale was ever made of the two mares; that no delivery of the mares was ever made to Eli Willis or any one else as a result of the purported sale; that Eli Willis never at any time had possession of the said two mares but appellee, Cooper, has held continuous possession of them at all times, had trained and cared for them as provided for under the terms of the contract; that neither of the appellees had ever asserted or claimed ownership or title to either of the said mares and that neither of them was guilty of conversion as alleged by appellant; that appellant had violated the terms of the contract by his failure and refusal to pay as provided for under its terms; for all of which reasons appellant should be denied any recovery and appellee, Cooper, should recover as prayed for in his cross action.

Appellant answered in a supplemental petition with numerous exceptions and a general denial except for certain admissions previously made by him. Appellees, Cooper and Willis, also answered with a supplemental petition and prayed as before.

Based upon the pleadings filed, appellant filed his motion for a summary judgment upon all matters except for the amount of alleged damages due him and attached thereto a copy of the purported sale of the said mares and a copy of a letter from appellee, Eli Willis. In his motion, he again alleged the terms of the contract between him and Cooper, the sale of the mares by Cooper in violation of the terms of the contract and sought a summary judgment as previously prayed for.

Appellees filed a joint reply in answer to appellant's motion for a summary judgment alleging the facts as previously pleaded and contending in effect that there existed a material controverted issue between them concerning the matter of conversion, for which reason alone appellant would not be entitled to a summary judgment. Appellees further alleged that appellee Cooper had rightfully held possession of the two mares at all times from the date of delivery under the terms of the contract pleaded by appellant and that Cooper had trained and cared for the mares as provided for under the terms of the contract which had not terminated, for which reasons no conversion has been properly alleged by appellant; that the simulated sale of the said mares was had only for the purpose of attempting to induce appellant to pay for the care and training of appellant's mares by Cooper in accordance with the terms of the contract appellant had pleaded and was relying upon himself; that appellant breached the terms of the contract and has not yet complied with its terms, for which reason he should not be heard to complain. Appellees attached to their said answer exhibits in the form of an affidavit made by appellee, Eli Willis, showing only a simulated, pretended sale of the said mares was held for the sole purpose of inducing appellant to pay his obligations as provided for under the terms of the contract pleaded by him and by copies of prior letters sent by appellee's attorney to appellant's attorney verifying the facts pleaded by appellees.

Based upon the pleadings filed and particularly the terms of the contract pleaded by appellant and his admissions made in his pleadings to the effect that he was indebted to appellee, Cooper, in the sum of $440 for the care and training of the mares from November 1, 1952, to January 6, 1953, ap-

pellees filed a motion for summary judgment in the sum of $3,600 payable to appellee Cooper for training and caring for the two said mares for a period of 18 months, the same being from November 1, 1952, to May of 1954, at the rate of $200 per month as provided for in the said contract.

After hearing all parties and considering all pleadings, together with exhibits attached, the trial court overruled appellant's motion for a summary judgment and denied him any recovery as against either defendant who are appellees herein. The trial court further found that under the pleadings and admissions made, the two mares were delivered by appellant to appellee, Cooper, who had continuously held possession of them since November 1, 1952, as provided for under the terms of the contract, for which reasons appellee Cooper was entitled to judgment for $200 per month for a period of 18 months beginning November 1, 1952, or for a total sum of $3,600, since it was likewise found that no genuine issue of any material fact existed concerning appellees' claim for recovery as set forth in their motion; that for such reasons appellees' motion for a summary judgment was accordingly sustained and judgment was so rendered, from which appellant perfected an appeal.

Appellant predicates his appeal upon eight points of error claiming the trial court should have sustained his motion for summary judgment as prayed for and should have denied appellees any recovery; he further charges error because the trial court refused to sustain his numerous special exceptions pleaded. There may have been a misnomer by appellees in referring to some of the many pleadings filed but it does not appear that anybody was mislead by such. We therefore find no fault with the trial court in overruling appellant's special exceptions and all points of error complaining about these matters are overruled.

In his pleadings generally and in his motion for summary judgment, which he filed on November 13, 1953, appellant predicated his principal claims upon an alleged bona fide foreclosure lien sale on January 6, 1953, of the said mares by Cooper to Willis and a re-sale of them back to Cooper by Willis in violation of the terms of the contract between him and Cooper. Cooper's original answer filed on August 17, 1953, reveals that he had held possession of the mares continuously since they were delivered to him by appellant; that he had complied with the terms of the contract by training and caring for the mares, notwithstanding appellant's breach of the contract by failure to pay Cooper as provided for by the terms of the contract. Letters of dates June 9, 1953, June 30, 1953, and August 4, 1953, written by the attorneys of the parties, attached to the pleadings as exhibits and subject to consideration by the trial court, reveal Cooper's good faith in performing the terms of the contract and that the purported sale was purely a simulated proceeding in an effort to induce appellant to pay Cooper, for which reason there was no basis for conversion as alleged by appellant. The letter of date June 30, 1953, reveals a proposal from appellant for settlement with Cooper and a counter-proposal from Cooper to settle with appellant for the sum of $1,200 for actual care and training of the mares up to that time and that Cooper would deliver the mares to appellant at any place designated by appellant upon acceptance of the offer. These matters of a proposed compromise are here mentioned only for the purpose of revealing that such transactions were had several months prior to the filing of appellant's motion for summary judgment repeating his allegations of sale and conversion, notwithstanding his previous reliable information to the contrary.

Appellant's own pleadings reveal that he was under obligations to pay appellee Cooper $200 per month for feeding, training and caring for the two mares, beginning on November 1, 1952, and that he was indebted to Cooper in the sum of $440 for such services up to January 6, 1953. Appellant did not allege that he sought to comply with the terms and provisions of the contract he had pleaded but he, in effect, pleaded a breach of the contract by his own

failure to make payments in compliance with its terms and provisions. A party who has himself breached a contract may not insist upon performance by the other party, nor complain of or recover damages for a subsequent breach by the other party, nor set up a subsequent default by the other party to relieve himself of his own wrong. 10 Tex.Jur. 442, Sec. 257; Hardeman-King Lumber Co. v. Hampton Bros., 104 Tex. 585, 142 S.W. 867; Kidd-Scruggs Co. v. Tyler Hotel Co., Tex.Civ.App., 270 S.W. 566, writ refused.

> "No advantage can accrue to a party from his own breach of a contract. He cannot set it up to relieve him from the obligations of the contract, nor as a basis for its rescission, nor as a grounds for recovery * * *" 10 Tex.Jur. 460, Sec. 267, and other authorities there cited.

Appellant did not plead that he had ever made demand or requested re-delivery of the mares back to him, or that the terms of the contract had expired for any reason, or that for any reason he was entitled to re-possess the mares, or that Cooper had not complied with the terms and conditions of the contract, or that Cooper was not right-fully in possession of and had control of the mares, or that he ever divested himself of actual possession and control of the mares, or that Eli Willis had ever asserted possession, control or ownership of the mares. The principal grounds appellant pleaded as a basis of recovery as against appellees was the sale and conversion of the mares. Appellees answered with a general denial and alleged by way of a special answer that appellant's alleged sale by appellees was a mere simulated or pretended transaction, without any intention that the purported sale would have any force or effect, but that such means were resorted to only for the purpose of inducing appellant to pay Cooper the sums of money he had obligated himself to pay under the terms of the bailment contract. Appellees further pleaded that Cooper had complied with the terms of the contract and had repeatedly called upon appellant to perform his part of the contract to no avail.

In our opinion, appellant did not satisfactorily plead sufficient grounds for conversion in which event he did not plead sufficient grounds for damages by reason of conversion. Conversion is an offense against the possession of property. Fall v. Weber, Tex.Civ.App., 47 S.W.2d 3375; Bradley v. McKinzie, Tex.Civ.App., 226 S.W.2d 458. Appellant has not pleaded any fact or circumstance that shows he was entitled to possession of the mares. He has in fact pleaded the terms of the contract which rightfully gave Cooper possession and control of the mares.

"It is a well-settled rule that one who is rightfully in possession of property, though the legal title thereto may be in another, is not guilty of conversion. Conversion is the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner." Zerr v. Howell, Tex.Civ.App., 88 S.W.2d 116, 118.

For the reasons shown, appellant has not properly pleaded a cause of action against appellees by reason of conversion. Assuming, however, that he had, appellees joined issues with him by a general denial and a special denial, thus raising a genuine issue of a material fact, which would preclude the rendition of a summary judgment in his favor. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Butler v. Summers, 151 Tex. 618, 253 S.W.2d 418. In so holding, we do not pass upon the propriety of the simulated or pretended sale of the mares even for the reasons and purposes alleged.

In their motion for summary judgment, appellees seek only to recover upon their cross action the monthly amounts due appellee, Cooper, under the terms of the bailment contract pleaded by appellant. The trial court was justified under the record presented and the authorities cited in finding and concluding that no material issue of fact existed concerning the recovery sought by appellees since the mares were delivered to Cooper and held by him

as provided for under the terms of the contract for which reasons Cooper was entitled to recover under the terms of the contract for his services rendered. The rendition of a judgment accordingly does not disturb the future observance of the terms of the contract or the possession or ownership of the two mares. For the reasons stated, appellant's points of error are all overruled and the judgment of the trial court is affirmed.