Lena B. SUMMERS, Appellant,

v.

Mrs. Mary M. BUTLER et al., Appellees.

No. 15016.

Court of Civil Appeals of Texas.

Dallas.

Nov. 10, 1955.

Rehearing Denied Dec. 16, 1955.

R. L. Dillard, Jr. and Dee Brown Walker, Dallas, for appellant.

Burt Barr and J. Lee Zumwalt, Dallas, for appellees.

DIXON, Chief Justice.

This is an appeal from a summary judgment rendered in the District Court on an appeal of the Probate Court's order granting a widow's allowance. See 248 S.W.2d 227 and 151 Tex. 618, 253 S.W.2d 418 for opinions by this Court and the Supreme Court in a previous appeal.

The undisputed facts are that appellant, surviving widow of J. A. Summers, deceased, and administratrix of his estate, sold 11 acres of land belonging to the estate. The land consisted of two adjoining tracts, one of 10 acres, the other of one acre. The 10-acre tract was subject to a mortgage of approximately $6,800; the one-acre tract was clear of debt. However the two tracts were sold together as one unit, the sale price being $10,000, from which the estate received the net amount of $3,070.36 after payment of the balance due on the mortgage against the 10 acres and other charges in connection with the sale. No appeal was taken from the Probate Court's orders authorizing and approving the sale.

Following the sale appellant applied for and was granted a widow's allowance of $2,400. More than three months thereafter appellees entered the case and filed an application asking that the order for the widow's allowance be set aside. Appellees alleged that the 10-acre tract was a homestead, and that proceeds of the homestead could not be used to pay a widow's allowance, as would be necessary in this case. The Probate Court refused to set aside its order, so appellees appealed to the District Court. The latter court entered a summary judgment dismissing the appeal on the ground that it was perfected too late. This Court affirmed the judgment of the District Court, but the Supreme Court reversed and remanded the cause.

In its opinion the Supreme Court held that the Probate Court's order for a widow's allowance was valid, but that it could not be paid out of the proceeds of the homestead. The trial court's summary judgment was then reversed and remanded because the record disclosed two fact issues: (1) Whether the 10-acre tract was the homestead of appellant and deceased; and (2) if so, how much of the net amount in cash received from the sale of the entire 11 acres was realized from the sale of the 10-acre homestead.

After the remand of the cause to the trial court, appellees submitted their written request for admissions. Among appellant's answers was an admission that after her marriage to J. A. Summers, they lived in the residence dwelling house on the 10 acres and used said property as their homestead up to the time of his death. Thus the fact issue as to whether the 10-acre tract was a homestead went out of the case.

But the other fact issue remains: How much of the net proceeds of the sale of the 11 acres came from the sale of the 10-acre homestead? In its summary judgment the trial court found as a fact that of the $3,178 (the amount alleged to be in excess of the mortgage), $^{32}\!/_{33}$ was received from the sale of the 10-acre homestead and $^{1}\!/_{33}$ from the sale of the adjoining one-acre tract.

Appellees in their motion for summary judgment say that "it is simply a question of law as to the amounts received from the two tracts." In this connection we quote from their motion: "The inventory and appraisement * * * shows that the 10 acres was appraised at $10,000.00 with a lien of $6800.00 against it, making the net value to the estate of $3200.00. The one-acre tract was appraised at $100.00 * * * They were conveyed as a unit and the appraised values should determine the amount received for each. That is, $^{32}\!/_{33}$ should be apportioned to the 10 acres and $^{1}\!/_{33}$ should be apportioned to the 1 acre from the $3,178.00 cash received for the two tracts of land. * * *." The trial court made findings conforming to appellees' suggestions and sustained their motion for summary judgment.

We are unable to agree with appellees' contention. It is true that in the first inventory and appraisement filed September 13, 1950, appellant, as administratrix, and the two appraisers appointed by the Probate Court recited the value of the 10 acres to be $10,000; the value of the one acre to be $100; and the balance due on the mortgage to be $6,800. But in an amended inventory and appraisement filed April 9, 1953, appellant and the same two appraisers recite the value of the 11 acres to be $10,000. No separate valuation was recited for either the 10-acre tract or the one-acre tract. Thus there is a conflict in regard to the property value as found by the appraisers in the first appraisal and the value found by the same appraisers in their amended appraisal. Such conflicting testimony, though by the same witnesses, presented a fact issue. Ford v. Panhandle & S. F. Ry. Co., 151 Tex. 538, 252 S.W.2d 561, at page 563. Moreover the statement of the sale dated October 16, 1950, shows that the net amount of cash received by the estate from the sale was only $3,070.36 after paying the amount then due on the mortgage, prorating taxes and including

other expenses of the sale. An anaylsis of these figures furnishes no basis for appellees' claim that the net cash proceeds of the sale should be divided by allowing $\frac{32}{33}$ of $3,178 to the 10-acre tract and $\frac{1}{33}$ to the one-acre tract. We sustain appellant's points on appeal, Nos. 3, 5, and 6.

■ After the return of the mandate of the Supreme Court following the first appeal, appellant filed a motion in the District Court for the Supreme Court's judgment to be certified to the Probate Court for compliance and further proceedings. This motion was overruled and the cause retained by the District Court for adjudication of the fact issues which the Supreme Court said were presented by the appeal to the District Court.

Thereupon appellant filed in the Probate Court an amended inventory and appraisement in which she alleged that the 10-acre tract was community property, not separate property of the deceased, as her first inventory had asserted. This amended inventory was approved by the Probate Court. Then appellant filed in the Probate Court an application wherein she alleged that, if the 10-acre tract should be adjudged the separate property of deceased, then she should be allowed a credit against the separate estate because of valuable improvements to the 10-acre tract paid for out of her separate estate and community estate. She further asked that she be granted an allowance in lieu of a homestead and an allowance in lieu of exempted property, and in the alternative that the net proceeds of the sale of the homestead be reinvested in a homestead for her. The Probate Court overruled these applications, and appellant perfected another appeal to the District Court.

Thus it came about that at the time the instant judgment was rendered there were two cases pending in the District Court, both of which were appeals from Probate Court orders. The first case is the one involved in the former appeal and this appeal. The second case arose out of the

Probate Court's orders as set out in the preceding paragraph. This second case is still pending in the District Court, so far as the record before us shows.

Appellant filed a motion in the District Court asking that the two cases be consolidated. The trial court overruled the motion and such ruling is assigned as error. In our opinion the consolidation of the two cases was discretionary with the trial court, and the refusal to consolidate them was not reversible error. Rules 41 and 174, T.R.C.P. We overrule appellant's points Nos. 8 and 10.

■ In this appeal appellant complains because the issues presented in the other pending case in the District Court were not adjudicated in the trial of this case. Had the two appeals from the Probate Court been consolidated in the District Court, all the issues in both appeals might have been tried at the same time in the District Court. Williams v. Carter, Tex. Civ.App., 176 S.W.2d 580. But in the absence of consolidation, the issues in the other pending cause could not be passed on in the trial of this cause, for the District Court's jurisdiction over probate proceedings is appellate only. Dunaway v. Easter, 133 Tex. 309, 129 S.W.2d 286 (Opinion adopted). In this case the appeal from the Probate Court to the District Court was an appeal only from the Probate Court's order refusing to set aside its previous order granting a widow's allowance. The issues raised in the two cases must be tried separately unless the two cases are consolidated. We overrule appellant's points Nos. 4 and 9.

■ Appellant's point No. 12 asserts error because costs were charged against her individually. The mandate of the Supreme Court expressly provides that costs be charged against appellant as Administratrix of the Estate of J. A. Summers. The point is sustained.

The judgment of the trial court is reversed and the cause is remanded to the trial court.