**Dr. C. W. BUTLER, Jr., et al., Appellants,**

**v.**

**DAVY CROCKETT FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.**

No. 14002.

Court of Civil Appeals of Texas.

Houston.

Nov. 1, 1962.

On Rehearing Dec. 6, 1962.

Ted Musick, Houston, for appellants.

Adams & Granberry, F. P. Granberry, W. D. Julian, Jr., Crockett, for appellee.

COLEMAN, Justice.

Dr. C. W. Butler, Jr., a person of unsound mind, and Allie Maude Butler, individually and in her capacity as guardian of the person and estate of Dr. C. W.

Butler, Jr., have appealed from a summary judgment, by the terms of which the Davy Crockett Federal Savings and Loan Association was granted judgment for the balance due on a note and the foreclosure of a deed of trust lien.

The motion for summary judgment was unsworn. An affidavit was attached to the motion by which the President and Secretary of the Association swore that the facts stated in the original petition were true and that no payments were made on the note since the petition was filed. Copies of the note and deed of trust were attached to the motion, but there is no evidence that these copies are correct copies of the originals.

The original petition alleged the execution of the note and the deed of trust by the defendants; that the note was in default; and the exact balance due on the note. It alleged that the deed of trust conveyed certain described real estate to a named trustee for the benefit of the plaintiff. It also alleged that a claim had been filed against the estate of Dr. Butler for more than thirty days and the guardian had failed to approve it.

Appellants filed a controverting affidavit by which Allie Maude Butler denied that she signed the deed of trust relied on by plaintiff, and further swore that "these premises is her homestead and has been her homestead since before the inception of the deed of trust instrument and her homestead has never changed." Her affidavit further stated that "proper claims have not been made against his estate in order to foreclose under a deed of trust in this suit. * * *"

Defendants further filed a sworn answer in which Mrs. Butler stated that she owned a one-half community interest in the property on which plaintiff seeks to foreclose; that she has lived on the property since its purchase and lived on it at the time the answer was prepared. She stated that she always claimed the property as homestead and that it was her homestead, and had never been abandoned as such. She also stated in the answer that she had not signed the deed of trust on which plaintiff sued.

■ It is obvious that fact issues are raised by the pleadings, and the Association has not shown by evidence that the issues so raised cannot be supported in fact. Where justiciable issues of fact are raised by the pleadings, a summary judgment cannot be granted. Butler v. Summers, 151 Tex. 618, 253 S.W.2d 418.

■ However, if the Association can show as a matter of law that the defendants have no defense to the cause of action asserted against them, the summary judgment should be granted since, in such case, the disputed fact issues would be immaterial. Seale v. Muse, Tex.Civ.App., 352 S.W.2d 534, ref., n. r. e.; Gunnels v. Atcheson, 288 S.W.2d 878, Tex.Civ.App.

■ The Association contends that all disputed fact issues raised by the pleadings and affidavits were determined adversely to defendants in Cause No. 8547, Allie Maude Butler et al. v. J. G. Beasley, Jr., Trustee, et al., by judgment rendered January 11, 1960, in the District Court of Houston County, Texas, 3rd Judicial District. A copy of this judgment was attached to the motion for summary judgment, but it was not a sworn or certified copy. The judgment was entered by the court in which the summary judgment proceeding was pending, and the Association contends that the trial court could take judicial notice of its own records in a cause involving the same subject matter between the same, or practically the same, parties.

The Supreme Court of Texas has held in Gardner v. Martin, 345 S.W.2d 274, a case which cannot be distinguished on this point, that:

"Subsection (e) of Rule 166–A speaking of forms of affidavits says, '* * * sworn or certified copies of all papers or parts thereof referred to

in an affidavit shall be attached thereto or served therewith * * *.' Defendants' motion for summary judgment referred to Cause No. 58-68, and states '* * * which matters are all of record in said court, to which record reference is hereby made.' Plaintiff further says that defendants' motion was not sworn to, nor was it accompanied by an affidavit. Rule 166-A(a) and (b) specifically provide that in proper cases motions for summary judgments may be made 'with or without supporting affidavits.' Since our decision in Willoughby v. Jones, 151 Tex. 435, 251 S.W.2d 508, it has been settled that a summary judgment is not necessarily out of order where the corresponding motion is unverified and unsupported by affidavits, citing Rule 166-A, Texas Rules of Civil Procedure and 4 McDonald, Texas Civil Practice, pp. 1386 et seq., § 17.26. We hold, however, that a compliance with Rule 166-8(e) required that the certified copies of the documents referred to should be attached to the motion. There were no papers, records, or other documents from said Cause No. 58-68 attached to the motion by either sworn or certified copies. Since the matters referred to were court records, certified copies should have been attached to the motion; therefore, defendants had not complied with the provisions of Rule 166-A and were not entitled to a summary judgment."

The judgment of the Trial Court is reversed and the cause remanded for trial.

## On Motion for Rehearing

Where issues of fact are raised by unsworn pleading, in the absence of affidavits or sworn testimony, and where issues of fact are raised by sworn pleadings, a summary judgment may not be granted. In this case issues of fact were developed by respondent's sworn pleading and her affidavit contesting the motion for summary judgment.

We have ordered this cause reversed and remanded for trial. In order to remove uncertainty as to the effect of the order, the motion for rehearing is granted in part and the case is reversed and remanded to the trial court.