Maude FRANKLIN, Administratrix of
the Estate of Luther Franklin,
Deceased, Appellant,

v.

Shirley WOODS, Appellee.

No. 1498.

Court of Civil Appeals of Texas,
Corpus Christi.

April 30, 1980.

Fred P. Holub, Bay City, for appellant.

Lucy G. Raynor, Holtzman, Evans & Urquhart, Houston, for appellee.

## OPINION

YOUNG, Justice.

The legality of an order voiding a sale of a homestead by an administratrix is the central question before us in this appeal. Appellant, Maude Franklin, the second and surviving wife of the decedent, was the administratrix of the estate of Luther Franklin, deceased. Appellant allegedly misrepresented to the probate court that certain real property was community in nature and not subject to exempt status as the homestead of the decedent. Based on this information, the court authorized the sale of the property. The appellee, Shirley Woods, a daughter of the decedent by his first wife, initiated proceedings to void such sale, claiming that the property was not only the homestead but was also the separate property of the decedent. The probate court voided the sale, removed the appellant as administratrix, and appointed a successor administratrix. We affirm.

Luther Franklin was married to Dorothy Mae Franklin for many years prior to their divorce on February 17, 1967. The marriage produced twelve children, one of whom was his daughter Margaret Franklin,

an unmarried adult. The divorce settlement awarded the homestead of the first marriage to Dorothy Mae Franklin and the children produced from that union.

On January 15, 1970, Luther Franklin purchased for his home a tract of land which had some buildings on it. The record indicates that Luther executed two notes in that regard: 1) the first, to obtain purchase money, on January 15, 1970, in the amount of $1966.80, which was renewed on September 9, 1974, in the amount of $1134.30; 2) the second, on January 5, 1973, in the amount of $1595.70. The record further reflects that part of the proceeds of the second loan was used to improve the buildings to make them habitable. All of these notes were paid off before the death of Luther Franklin.

Sometime in 1973, Margaret, a daughter of Luther Franklin, moved in with her father. She lived with her father on that property until his death. Ten months before his death, Luther Franklin married Maude Franklin, appellant, on May 9, 1975. On the property in question, during the ten-month period, Luther and his wife lived in one house and Margaret lived in an adjoining one. Margaret continued living there after her father's death.

Luther Franklin died intestate on March 31, 1976. His widow, Maude Franklin, was appointed administratrix of his estate on December 13, 1976. On May 26, 1977, she filed an inventory of the estate showing as community property the property which Luther had purchased in 1970. Appellant also filed an application to sell real property which claimed that she owned one-half interest in the property as her community interest. The court then authorized the sale of this property. The order confirming sale of real estate was rendered on February 27, 1978. The land was sold to Bertha Hegmon, who is the sister of the appellant.

On June 20, 1978, Shirley Woods, appellee here, who is a daughter and an heir of Luther Franklin, filed a motion to remove the appellant as administratrix and to have herself appointed as successor administratrix. She filed an amended motion on July 6, 1978, which included a request to declare the property the homestead of Luther Franklin and void the previous sale on account of the homestead exempt status.

On November 30, 1978, the probate court granted the motion to remove the appellant as administratrix and appointed the appellee as successor administratrix. The court's order recited that the appellant had mismanaged her duties as administratrix. The court also ordered that the sale of the property be declared void based upon its findings that the property was a homestead and should not have been sold to satisfy creditors. This appeal followed.

Appellant brings forward five points of error, the first three of which involve the legality of the sale of the property by the appellant as administratrix. In points 1 and 2, appellant challenges the trial court's voiding the sale of the property since the court had previously approved the sale. The alleged error set out in point 3 is the court's finding that the property was the homestead of Luther Franklin, deceased, and that the sale was an improper sale of a homestead. The final two points of error involve the alleged misrepresentation of the property as community by the appellant as grounds for her subsequent removal as administratrix.

■ The starting point in determining the rights of the parties to property is to determine whether the property is community or separate in nature. *Cooper v. Cooper*, 513 S.W.2d 229, 232 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). The nature of property is determined at the time of acquisition. *Hilley v. Hilley*, 161 Tex. 569, 342 S.W.2d 565 (1961); *Carriere v. Bodungen*, 500 S.W.2d 692 (Tex.Civ.App.—Corpus Christi 1973, no writ).

■ As we have mentioned, Luther Franklin, decedent, purchased the property on January 15, 1970. The purchase was some three years after his divorce (1967)

from his first wife and five years before his marriage (1975) to his second wife. Since the purchase occurred while Franklin was unmarried, the property is clearly a part of his separate estate. Tex.Const. art. XVI, § 15; Tex.Fam.Code Ann. § 5.01 (1975).

■ It has long been the rule that the community survivor of the marriage cannot sell the separate property belonging to the decedent. *Anderson v. Bundick*, 245 S.W.2d 318 (Tex.Civ.App.—Eastland 1951, writ ref'd n. r. e.). The trial court ordered that the sale of the real property by the appellant be declared void. There is sufficient evidence to support that holding. The deed that conveyed the property to Luther Franklin as his separate property bears a date more than five years before his marriage to the appellant. Further proof of the illegality of the sale of the property by the administratrix is evidenced by the homestead status of the land. The homestead claim of the decedent is examined in our discussion of the third point of error.

Now that we have determined that the property is the separate property of the decedent, we must look at the appellant's interest in the property. When a person dies intestate, as in this case, the Probate Code provides for the distribution of the assets of the estate. The surviving wife is entitled to an estate for life in one-third of the separate real property of the intestate decedent, with the children entitled to the remainder. Tex.Prob.Code Ann. § 38(b)(1) (1956).

■ The appellant did have a homestead estate in the property for as long as she lived as set out in *Norman v. First Bank and Trust, Bryan*, 557 S.W.2d 797 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n. r. e.):

"It is settled law that although the wife may not own the fee or any part of it in lands impressed with the homestead character, she does have an estate in such lands, to wit, the homestead, vested and absolute, of which she could not be deprived except by alienation by her own consent and, by which upon the death of her spouse becomes a life estate."

Thus, appellant could have claimed the property as her homestead until she died or abandoned the property. Abandonment of a homestead requires both the cessation or discontinuance of use of the property as a homestead coupled with the intent to permanently abandon the homestead.

■ The question of abandonment of the homestead is important in this case, for the children of the decedent could not partition and sell the property as long as the appellant claimed a homestead right on the tract. The burden rests on the appellee to prove that an abandonment did in fact occur. *Sullivan v. Barnett*, 471 S.W.2d 39 (Tex.Sup.1971); *Morris v. Porter*, 393 S.W.2d 385 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.). "The evidence relied on as establishing abandonment of a homestead must make it 'undeniably clear' that there has been 'a total abandonment with an intention not to return and claim the exemption.'" *West v. Austin National Bank*, 427 S.W.2d 906 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.).

■ There can be no more convincing proof of the intent to abandon than a sale of the homestead. Appellant did wrongfully sell the property since it was the separate property of her deceased husband, but the lack of fee in the appellant at the time of sale does not negate the presence of an intent to abandon. Once the sale took place, the appellant discontinued using the property as her homestead and had the requisite intent to permanently abandon. This abandonment is supported by an admission by appellant in the brief filed with this Court: "Appellant, the surviving wife, waived such homestead exemption when she joined in the sale of the property." Points of error 1 and 2 are overruled.

■ Point 3 challenges the court's finding that the property was the homestead of Luther Franklin, deceased, and therefore

could not be sold to satisfy the debts of the estate. There is sufficient evidence to support the establishment of a family homestead in this case. At the time Luther Franklin's daughter, Margaret Franklin, moved in with him, a family homestead was created. This family homestead continued in existence after Luther Franklin and the appellant became married. At the time of the death of Franklin, the property was clearly his homestead. As such, the property could not be sold to pay off creditors except in those situations set out in Tex. Prob.Code Ann. § 270 (1956).

■ At the time of Franklin's death, his widow could have claimed a survivor's homestead in the property. Tex.Prob.Code Ann. § 282 (Supp.1980). No such claim was made. Margaret Franklin, however, did claim a statutory survivorship homestead in the property as an unmarried adult daughter who was a constituent member of Luther Franklin's household since 1973. Tex. Prob.Code Ann. § 271 (Supp.1980); *Thompson v. Kay*, 124 Tex. 252, 77 S.W.2d 201 (1934); *Ward v. Hinkle*, 117 Tex. 566, 8 S.W.2d 641 (1928). After the appellant abandoned the property, then Margaret Franklin's homestead claim became effective. The property therefore was burdened with a homestead claim and could not be sold to satisfy the creditors of the estate. Tex.Prob.Code Ann. §§ 270–271 (Supp. 1980).

■ The illegal sale of property on which a valid homestead claim exists can be collaterally attacked at a later date. The right to bring such collateral attack to declare the order of the probate court void was formulated in 1928 by our Supreme Court in *Cline v. Niblo*, 117 Tex. 474, 8 S.W.2d 633 (1928). In that case the Supreme Court permitted collateral attacks on the theory that the order of the probate court permitting the sale of the homestead property was void for lack of jurisdiction over the subject matter. Property that has been determined to be homestead is not

subject to administration. *Thompson v. Thompson*, 149 Tex. 632, 236 S.W.2d 779 (1951).

■ The Constitution sets out only three situations in which a forced sale of a homestead may occur: 1) for payment of a purchase money lien; 2) for satisfaction of taxes due on the property; 3) and for payment for work and materials used for constructing improvements on the property. Tex.Const. art. 16 § 50; *Johnson v. Hampton*, 117 Tex. 580, 8 S.W.2d 640 (1928). A forced sale of the homestead cannot take place to pay general creditors of the estate. *Butler v. Summers*, 151 Tex. 618, 253 S.W.2d 418 (1952); *Aman v. Cox*, 164 S.W.2d 744 (Tex.Civ.App.—Eastland 1942, no writ); *Lyne v. Panhandle Construction Co.*, 114 S.W.2d 1195 (Tex.Civ.App.—Amarillo 1938, writ dism'd). Our Supreme Court held in *Butler v. Summers*, supra:

> "Sale of the homestead . . . to pay general creditors of deceased's estate is void and may be disregarded in any court, provided deceased left a constituent member of his family surviving, that is, a widow, minor child, or unmarried daughter living with the family. And if the fact of homestead does not appear of record, it may be shown in any forum and the consequent invalidity of the decree established aliunde the record."

■ Therefore, the trial court had the power to void the sale of the homestead of Luther Franklin, decedent, because that homestead was not subject to any of the three exceptions to the constitutional exemption of homestead property from forced sale. The collateral attack by the appellee properly brought the issue before the court. Appellant's point 3 is overruled.

■ The last two points of error pertain to the performance of the appellant as administratrix of the estate. The probate court found that the appellant had mismanaged the estate. There is sufficient evidence in the record to support this finding also.

Both in the inventory of the estate and in the application to sell real property, the appellant asserted that she personally owned a one-half interest in the property. On account of this representation, the court authorized the sale of the property. Appellant subsequently sold the property and retained one-half of the proceeds. The record clearly indicates that the appellant never had a community interest in the property. This misrepresentation of the ownership of the property to the court is sufficient to support the court's finding that the appellant mismanaged the estate. Tex.Prob. Code Ann. § 222(b)(4) (Supp.1980). All points of error are overruled.

The judgment of the trial court is affirmed.