**In re Gary Jefferson BYRD, Debtor.**

**Bankruptcy No. 483–00630–LO.**

United States Bankruptcy Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

April 9, 1984.

Hugh William Thistlethwaite, Jr., Opelousas, La., for debtor.

Stephen Parten, San Antonio, Tex., for John Ed Rogers.

Robert P. Brenham, Lafayette, La., Trustee.

OPINION

RODNEY BERNARD, Jr., Bankruptcy Judge.

Presently before the Court is an objection filed by John Ed Rogers, a judgment creditor of the debtor, to the claim of the homestead exemption by Gary Jefferson Byrd, the debtor, on certain property located in Harris County, Texas. A hearing on said objection to the debtor's claimed homestead exemption was held on November 3, 1983. John Ed Rogers, the objecting judgment creditor, alleges as his grounds for objection to the homestead exemption that

the debtor has "abandoned any homestead interest he may have had to such property [the Harris County property] by moving from such property, attempting to sell the same, and by executing and filing documents of record stating that such property is not exempt from forced sale and claiming a homestead on real property in Louisiana."

The debtor acquired the Houston property in April or May of 1973 while he was married. In December, 1981, the debtor left Houston, Texas and moved to Opelousas, Louisiana where he rented a place to live. He applied at that time for a Louisiana license to practice medicine and subsequently obtained such a license. In early January, 1982, the debtor listed the Harris County property for sale with a Houston real estate broker. On March 23, 1982, the debtor purchased property in St. Landry Parish, Louisiana which serves as a combination office-residence. After doing some remodeling to the physical premises to accommodate an office, he has lived at the Opelousas property since May, 1982.

Gary Jefferson Byrd filed a Petition for relief under Chapter 7 of Title 11, United States Code on July 8, 1983. In the schedule filed by the debtor, the following described property was claimed as exempt as a homestead:

Lot 176, Block 42, Briargrove Park, Section 4, a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Volume 174, Page 22, of the Map Records of Harris County, Texas.

On or about September 1, 1983, a proof of claim was filed on behalf of John Ed Rogers in the amount of ONE HUNDRED THIRTY-ONE THOUSAND THREE HUNDRED SEVENTY-ONE AND 54/100 ($131,371.54) DOLLARS, pursuant to a judgment obtained from the 33rd Judicial District of San Saba, Texas. In his proof of claim, John Ed Rogers, further alleged that his judgment is secured by a lien filed in Harris County, Texas. At the same time that John Ed Rogers filed his proof of claim, an objection to the debtor's claim of

exemption on the above-described property was filed.

Since the property at issue is located in Texas, the Court must apply Texas law to determine whether the homestead exemption claim by the debtor is valid. The question before the Court is whether the debtor has abandoned any homestead interest he may have to the Harris County property, and if not, whether his claimed homestead exemption is valid.

At the hearing on November 3, 1983, the objecting creditor proved that Dr. Byrd has moved from the Harris County, Texas property and is residing in Opelousas, St. Landry Parish, Louisiana. The objecting creditor proved that the debtor has attempted to sell the Harris County property, and that the debtor has executed and filed certain documents of record stating that the Harris County property is not exempt from forced sale. The objecting creditor, however, failed to prove that the debtor has established or claimed a homestead exemption in Louisiana.

Article XVI, Section 50, Texas Constitution, Vernon's Ann.St., provides the constitutional authority in Texas for the protection of the homestead from forced sale and also places certain prohibitions against mortgaging homestead property:

"The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of both spouses, in the case of a family homestead, given in the same manner as is required in making a sale and conveyance of the homestead; nor may the owner or claimant of the property claimed as homestead, if married, sell or abandon the homestead without the consent of the other spouse, given in such manner as may be prescribed by law. No mortgage, trust deed, or

other lien on the homestead shall ever be valid, except for the purchase money therefore, or improvements made thereon, as hereinbefore provided, whether such mortgage or trust deed, or other lien, shall have been created by the owner alone, or together with his or her spouse, in case the owner is married. All pretended sales of the homestead involving any condition of defeasance shall be void. This amendment shall become effective upon its adoption."

Article XVI, Section 51, Texas Constitution, Vernon's Ann.St., defines the amount in value of homestead in Texas:

"The homestead, not in a town or city, shall consist of not more than 200 acres of land, which may be in one or more parcels, with the improvements thereon; the homestead in a city, town or village, shall consist of lot, or lots, not to exceed in value $10,000.00, at the time of their designation as the homestead, without reference to the value of any improvements thereon; provided, that the same shall be used for the purpose of the home, or as a place to exercise the calling or business of the homestead claimant, whether a single adult person, or the head of a family; provided also, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired. This amendment shall become effective upon its adoption."

Vernon's Ann.Civ.St., Title 57, Art. 3833 provides the statutory definition of a homestead:

"(a) If it is used for the purpose of a home, or as a place to exercise the calling on business to provide for a family or a single, adult person, not a constituent of a family, the homestead of a family or a single, adult person, not a constituent of a family shall consist of: (1) for a family, not more than 200 acres, which may be in one or more parcels, with the improvements thereon, if not in a city, town, or village; or (2) for a single, adult person, not a constituent of a family, not more than 100 acres which may be in one or more parcels with the improvements thereon, if not in a city, town or village; or (3) for a family or a single, adult person, not a constituent of a family, a lot or lots, not to exceed in value $10,000.00 at the time of their designation as a homestead, without reference to the value of any improvements thereon, if in a city, town, or village.

(b) Temporary renting of the homestead shall not change its homestead character when no other homestead has been acquired."

Vernon's Ann.Civ.St., Title 57, Art. 3835 sets forth the statutory authority that the homestead is exempt from involuntary liens:

"The homestead of a family or a single, adult person, not a constituent of a family, and a lot or lots held for the purposes of sepulchre of a family or a single, adult person, not a constituent of a family, are exempt from attachment, execution and every type of forced sale for the payment of debts, except for encumbrances properly fixed thereon."

Vernon's Ann.Civ.St., Title 57, Art. 3834 provides the Texas Statutory Authority that the proceeds of the voluntary sale of a homestead shall be exempt for six months after such sale:

"Article 3834. The proceeds of the voluntary sale of the homestead shall not be subject to garnishment or forced sale within six (6) months after such sale."

■ Nowhere in the above-quoted constitution and statutory provisions establishing the homestead exemption in Texas is there found any reference to a requirement of "occupancy" as is required by the Louisiana Constitution and Louisiana Statutes. Texas case law has established that when homestead rights are once shown to exist in property, they are presumed to continue, and anyone asserting an abandonment has the burden of pleading and proving it by competent evidence. *Sullivan v. Barnett,* 471 S.W.2d 39 (Tex.1971); *Norman v. First Bank & Trust, Bryan,* 557 S.W.2d 797 (Tex.Civ.App.—Houston 1977). While the objecting creditor in the case at bar has

shown that the debtor has acquired a new residence he has failed to show that the debtor has acquired a new homestead. As stated by the Texas Supreme Court in *Rancho Oil Co. v. Powell*, 142 Tex. 63, 175 S.W.2d 960 (1943), the Court said:

"... the acquiring of a new home is not always the acquiring of a new homestead, and one does not necessarily abandon a homestead by merely moving his home."

 The facts of this case show that the debtor, indeed, has acquired a new home-office, but at the same time, he has never filed for or claimed a homestead exemption in the state of Louisiana. In the state of Texas the abandonment of a homestead requires both the cessation or discontinuance of use of the property as a homestead coupled with the intent to permanently abandon the homestead. *Franklin v. Woods*, 598 S.W.2d 946 (Tex.Civ.App.—Corpus Christi 1980). In fact, one Texas Court has articulated the extreme burden of proof that must be met when establishing the abandonment of a homestead:

"The evidence relied on as establishing abandonment of a homestead must make it 'undeniably clear' that there has been 'a total abandonment with an intention not to return and claim the exemption.' "

*West v. Austin National Bank*, 427 S.W.2d 906 (Tex.Civ.App.—San Antonio 1968, writ ref'd N.R.E.).

We are not convinced nor persuaded that John Ed Rogers, the objecting creditor herein, has made it "undeniably clear" that there has been a "total abandonment with an intention not to return and claim the exemption" of the homestead in the case at bar. In fact, at the hearing held before this Court, it was proven that Dr. Byrd, the debtor maintains his voter registration in Harris County, Texas, continues to maintain bank accounts and safety deposit boxes in Texas, continues his affiliation with certain hospitals in Harris County, Texas and has never acquired any affiliation with any hospitals in Louisiana. He maintains his church membership in Harris County, Texas and continues to belong to civic, social, and professional organizations in Texas. The Court is convinced that Dr. Byrd has the present intent to return to the property in Harris County, Texas. While the debtor has discontinued his use of the property as a homestead, the element of intent to permanently abandon the homestead does not appear to have yet been formed.

Therefore, John Ed Rogers' objection to the debtor's claimed homestead exemption to property located in Harris County, Texas is denied. The debtor presently claims no homestead exemption on the property he owns in Louisiana and to deny him a homestead exemption on his property in Texas would be a denial of the debtor's rights of due process and his right to a "fresh start."